IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
OCTOBER 15, 2002 Session

## LAFEYETTE ROMINE, SR., & DEBRA P. ROMINE v. JULIA FERNANDEZ, CRNA & JOHNATHAN ISOM, M.D.

**Direct Appeal from the Circuit Court for Shelby County**
**No. 305315-9 T.D.     Robert L. Childers , Judge**

———————————————

**No. W2002-00703-COA-R3-CV - Filed July 15, 2003**

———————————————

In this medical malpractice action, Defendants appeal the trial court's decision allowing Plaintiffs to use Tennessee Code Annotated section 20-1-119 to add two new defendants after the one year statute of limitations had expired. Defendants also appeal the trial court's award of damages. For the following reasons, we affirm.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which HOLLY KIRBY LILLARD, J., joined and DAVID R. FARMER, J., dissented.

Teresa J. Sigmon, Claire M. Cissell, Memphis, TN, for Appellants

Dixie White Ishee, Memphis, TN, for Appellees

**OPINION**

**Facts and Procedural History**

On November 3, 1999, Mr. Lafeyette Romine, Sr. and Ms. Debra P. Romine ("the Romines") filed their original complaint against John T. Morris, M.D. ("Dr. Morris"), The Office of Bone & Joint Surgery, P.C. and Methodist South (collectively "Original Defendants"). The complaint alleged that on September 25, 1998, Mr. Romine went to Dr. Morris seeking medical treatment for left knee pain. Mr. Romine was diagnosed with severe degenerative arthritis in both knees and surgery was recommended. On November 9, 1998, under the direction of Dr. Morris, Mr. Romine was admitted to Methodist Hospital where he underwent a total joint replacement of his left knee. Following this surgery, the Romines alleged that Dr. Morris proscribed a drug known as Toradol. The Romines claimed that Toradol was contraindicated in persons with a history of gastrointestinal bleeding and peptic ulcer disease. The Romines further contended that, despite Mr. Romine's complaints of abdominal pain and vomiting, the Original Defendants continued to administer the

Toradol, resulting in the need for additional surgery for peritonitis, perforated duodenal ulcer and related complications.

The Romines alleged that Dr. Morris, "Methodist Hospital South, a Division of Methodist Hospitals of Memphis, individually and by or through their agents, servants and employees" were guilty of negligence in the care of Mr. Romine and in the administration of Toradol. The Romines then prayed for a jury trial, but did not ask for a specific amount of damages.

In their answer, Dr. Morris and the Office of Bone & Joint Surgery acknowledged that "the Plaintiff was administered Toradol by the Methodist Hospital staff, but not at Dr. Morris' order." Dr. Morris also denied that he was guilty of any negligent act or omission that resulted in injury to Mr. Romine. He further asserted that

> Dr. Morris has no knowledge of any act of medical negligence committed by any other defendant or third party in the care and treatment of the plaintiff. However, in the event that the plaintiff's allegations of negligence on the part of co-defendants are true, and if the plaintiffs are successful in presenting a factual basis for those allegations, then in that instance Dr. Morris invokes the doctrine of comparative fault and says that under no circumstance would he be liable for more than a proportionate share of the total fault.

On December 16, 1999, based on the statements in Dr. Morris' answer, the Romines filed a Motion to Amend Complaint. The Romines claimed that Dr. Morris' answer triggered Tennessee Code Annotated section 20-1-119, which would allow them ninety (90) days in which to amend their complaint to add Dr. Johnathan Isom ("Dr. Isom") and Ms. Julia Fernandez ("Ms. Fernandez"), a certified registered nurse anesthetist ("CRNA"). The Romines claimed that Dr. Isom and Ms. Fernandez provided regional and general anesthesia during Mr. Romine's surgery. The Romines further claimed that Dr. Isom ordered the administration of Toradol and that Ms. Fernandez and Dr. Morris had knowledge that Toradol had been proscribed for Mr. Romine. The Romines alleged that all defendants were guilty of negligence in the care of Mr. Romine and in the administration of Toradol. The Romines alleged that Mr. Romine had "endured great physical and mental pain and suffering and disability," but they did not pray for a specific amount of damages. Again, the Romines respectfully demanded a jury trial.

Dr. Morris responded to the Romines' Motion to Amend and stated that he did not invoke "the doctrine of comparative fault against unnamed third parties." Dr. Morris asked that the Romines' motion to amend be denied because his answer did not "allege fault on the part of nurse Fernandez, Dr. Isom or any other non-party." Thereafter, the Romines filed a supplemental answer to support their motion to amend. The Romines claimed that they were not aware that Dr. Isom was not a member of Dr. Morris' staff and that the "only record which could be Dr. Isom's order is the physician order sheet dated 11/9/98 and that signature was not discernable by the plaintiffs." Finally, the Romines alleged that they "could not have been aware of who ordered the Toradol until Dr. Morris indicated in his answer that it was not he who did so."

On January 12, 2000, the lower court entered an order allowing the Romines to file an amended complaint to add Dr. Isom and Ms. Fernandez. On February 10, 2000, the Romines filed their amended complaint, which contained the same allegations, transactions and occurrences of negligence against Dr. Isom and Ms. Fernandez as the original complaint contained against the Original Defendants. The Romines failed to include a prayer for relief or an ad damnum clause in both the original complaint and the amended complaint.

On March 14, 2000, Dr. Isom and Ms. Fernandez filed a Motion to Dismiss, alleging that the Romines' claim, as to them, was barred by the statute of limitations found in Tennessee Code Annotated section 29-26-116. On June 16, 2000, the trial court denied the Motion to Dismiss, finding that Dr. Morris' answer "acknowledged that Toradol was ordered and states that he did not order the Toradol." The court found that "this language is sufficient to invoke Tenn. Code Ann. § 20-1-119 and, therefore, make the addition of Defendant's [sic] Isom and Fernandez timely and not barred by the Statue of Limitations." After their motion to dismiss was denied, Dr. Isom and Ms. Fernandez moved the court for an interlocutory appeal pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure, which motion was denied.

Thereafter, Dr. Isom and Ms. Fernandez filed their answer to the amended complaint. On November 16, 2000, the Romines filed a Notice of Voluntary Dismissal Without Prejudice as to Dr. Morris and the Office of Bone & Joint Surgery. The trial court entered its order on November 30, 2000, dismissing those defendants. Thereafter, Methodist Hospital South ("Methodist Hospital") submitted a Motion for Summary Judgment, which motion was granted in part. The trial court granted summary judgment in favor of Methodist Hospital "as to direct liability for any claims based upon the negligence of its employees," but the court preserved any claims against Methodist Hospital by reason of the acts or omissions of Dr. Isom or Ms. Fernandez. On January 25, 2002, the trial court ordered that the action be dismissed with prejudice as to Methodist Heathcare-Memphis Hospitals.

The trial of this matter was conducted on January 28 through February 8 of 2002. The jury, finding Mr. Romine to be forty-nine percent (49%) at fault, Dr. Isom to be twenty-six percent (26%) at fault and Ms. Fernandez to be twenty-five percent (25%) at fault, returned a verdict in favor of Appellees. The jury also found the total damages to be One Hundred Thousand Dollars ($100,000).

On March 4, 2002, the Romines filed a Motion to Assess Costs to Dr. Isom and Ms. Fenandez. Dr. Isom and Ms. Fernandez filed a Motion to Conform Judgment to Complaint, asserting that the Romines should not obtain the judgment because their complaint did not "specify the amount of money damages sought, if any." Thereafter, on March 11, 2002, the Romines filed their response to Dr. Isom and Ms. Fernandez's Motion to Conform Judgment to Complaint. In this response, the Romines asked the court to amend the pleadings "so as to conform to the evidence at trial" allowing the jury verdict of $51,000.00 to stand. On March 14, 2002, the Romines filed an Amended Motion to Assess Costs as well as an Amended Affidavit of their attorney. Dr. Isom and Ms. Fernandez filed a Brief in Opposition to Appellees' Motion to Assess Costs on March 15, 2002, alleging that the Romines were seeking damages beyond the scope of Rule 51 of the Tennessee Rules of Civil

Procedure. Dr. Isom and Ms. Fernandez's Motion to Conform Judgment to Complaint was heard on March 15, 2002 and by order entered on April 16, 2002, the lower court denied said motion. By order entered April 16, 2002, the lower court granted the Romines' Amended Motion to Assess Costs in the amount of $10,754.50. On March 18, 2002, Dr. Isom and Ms. Fernandez timely field their notice of appeal. Dr. Isom and Ms. Fernandez appealed from the final judgment entered on February 15, 2002, including the "Trial Court's Order Denying Motion to Dismiss and Denying Interlocutory Appeal entered June 16, 2000, Order Denying Motion to Conform Judgment to Complaint, and Order Granting Motion for Discretionary Costs."

**Issues**

The parties raise the following issues for our review:

I.      Whether the Appellees' claims against Dr. Isom and Ms. Fernandez were time barred when Appellees did not file a Complaint against said Defendants within the one year statute of limitations as required by Tennessee Code Annotated § 29-26-116.

II.     Whether Appellees were entitled to use the ninety (90) day grace period in Tennessee Code Annotated § 20-1-119 to add new defendants after the one year statute of limitations found in Tennessee Code Annotated § 29-26-116 had expired.

III.    Whether Plaintiffs may recover damages, including costs, when they did not include a prayer for relief or an ad damnum clause in either complaint.

**Standard of Review**

The findings of fact made by a trial court are given a presumption of correctness that will not be overturned unless the evidence preponderates against those findings. See TENN. R. APP. P. 13(d); see also Bank/First Citizens v. Citizens and Assoc., 82 S.W.3d 259, 262 (Tenn. 2002). A trial court's ruling on a matter of law, however, will be reviewed "'under a pure *de novo* standard . . . according no deference to the conclusions of law made by the lower court[].'" Bank/First Citizens, 82 S.W.3d at 727 (quoting Southern Constructors, Inc. v. Loudon County Bd. of Educ., 58 S.W.3d 706, 710 (Tenn. 2001)).

**Law and Analysis**

On appeal, Dr. Isom and Ms. Fernandez contend that the judgment of the trial court should be reversed because the Romines' claims against them are barred by the one-year statute of limitations enumerated in Tennessee Code Annotated section 29-26-116. They further argue that the Romines were not entitled to use the ninety day grace period provided in Tennessee Code Annotated section 20-1-119.

In Tennessee, the statute of limitations for medical malpractice actions is one year. TENN. CODE ANN. § 29-26-116(a)(1). Generally, claims filed outside this one year period will be time barred. However, Tennessee Code Annotated section 20-1-119 provides a ninety (90) day period in which to add additional defendants if certain requirements are met. This section states in pertinent part:

> (a) In civil actions where comparative fault is or becomes an issue, if a defendant named in an original complaint initiating a suit filed within the applicable statute of limitations, or named in an amended complaint filed within the applicable statute of limitations, alleges in an answer or amended answer to the original or amended complaint that a person not a party to the suit caused or contributed to the injury or damage for which the plaintiff seeks recovery, and if the plaintiff's cause or causes of action against such person would be barred by any applicable statute of limitations but for the operation of this section, the plaintiff may, within ninety (90) days of the filing of the first answer or first amended answer alleging such person's fault, either:
> (1) Amend the complaint to add such person as a defendant pursuant to Rule 15 of the Tennessee Rules of Civil Procedure and cause process to be issued for that person; or
> . . .
> (b) A cause of action brought within ninety (90) days pursuant to subsection (a) shall not be barred by any statute of limitations.

TENN. CODE ANN. § 20-1-119(a), (b).

In the case *sub judice*, the Romines filed their original complaint against Dr. Morris on November 3, 1999, within the one-year statute of limitations. In his answer, filed November 24, 1999, Dr. Morris stated that the "plaintiff was administered Toradol by the Methodist Hospital staff, but not at Dr. Morris' order." Dr. Morris further stated that

> Dr. Morris has no knowledge of any act of medical negligence committed by any other defendant or third party in the care and treatment of the plaintiff. However, in the event that the plaintiff's allegations of negligence on the part of co-defendants are true, and if the plaintiffs are successful in presenting a factual basis for those allegations, then in that instance Dr. Morris invokes the doctrine of comparative fault and says that under no circumstance would he be liable for more than a proportionate share of the total fault.

Based upon the statements in Dr. Morris' answer and pursuant to Tennessee Code Annotated section 20-1-119, the Romines sought to amend their original complaint to add Dr. Isom and Ms. Fernandez. The trial court allowed this amendment by order entered January 12, 2000. On March 14, 2000, Dr. Isom and Ms. Fernandez filed a motion to dismiss, asserting that the amendment was barred by the applicable statute of limitations. By order entered June 16, 2000, the trial court denied the motion to dismiss filed by Dr. Isom and Ms. Fernandez, finding that the language in paragraph two of Dr. Morris' answer was "sufficient to invoke Tenn. Code Ann. § 20-1-119 and, therefore,

make the addition of Defendant's [sic] Isom and Fernandez timely and not barred by the Statute of Limitations."

We agree. Our Supreme Court has previously stated that section 20-1-119 was "enacted in response to this Court's adoption of comparative fault, and that the concepts of fairness and efficiency form the basis of such a system." McClendon v. Bunick, No. E2001-02816-COA-RM-CV, 2001 Tenn. App. LEXIS 935, \*10 (Tenn. Ct. App. Dec. 28, 2001) (citing Browder v. Morris, 975 S.W.2d 308, 312 (Tenn. 1998)). The purpose behind the statute is to "provide an injured party with a fair opportunity to bring before the court all persons who caused or contributed to the party's injuries." Townes v. Sunbeam Oster Co., Inc., 50 S.W.3d 446, 451 (Tenn. Ct. App. 2001). In light of this purpose, this statute is not to be construed narrowly, but should be construed liberally. See Townes, 50 S.W.3d at 451; see also McClendon, 2001 Tenn. App. LEXIS, at \*10.

We find that the statements contained in Dr. Morris' answer were sufficient to put the Romines on notice that someone other than Dr. Morris administered the Toradol. Although Dr. Morris did not specifically state the names of Dr. Isom and Ms. Fernandez, Dr. Morris' answer provided "reasonable notice of a third party claim and, coupled with the available . . . discovery tools, the plaintiff had more than adequate opportunity and time to discover the third party's identity" and to amend their complaint to add Dr. Isom and Ms. Fernandez within the ninety (90) days following the filing of Dr. Morris' answer. See Soper v. Wal-mart Stores, Inc., 923 F. Supp. 1032, 1038 (1996). The Romines did file their amended complaint within ninety (90) days and as such, their claims against Dr. Isom and Ms. Fernandez were not time barred.

Dr. Isom and Ms. Fernandez also argue that there was no impediment which prevented the Romines from naming them in the original complaint. Specifically, Dr. Isom and Ms. Fernandez argue that the Romines knew or should have known of their existence and their status as potential defendants from the outset and should have asserted possible claims against them in the original complaint. Whether the Romines knew or should have known of Dr. Isom and Ms. Fernandez and their status as potential defendants is irrelevant to the application of Tennessee Code Annotated section 20-1-119. See Townes, 50 S.W.3d at 452-453 (holding that "a plaintiff's knowledge of the existence of other persons who might be liable for the plaintiff's injuries is irrelevant"). The Romines timely filed their amended complaint which saved their claims from being time barred. Thus, we affirm the trial court on this issue.

Finally, the Romines argue that their claims against Dr. Isom and Ms. Fernandez are timely under the discovery rule found in Tennessee Code Annotated section 29-26-116(a)(2) and under Rule 15.03 of the Tennessee Rules of Civil Procedure. Due to our disposition of the issues involving the application of Tennessee Code Annotated section 20-1-119, we find it unnecessary to address these arguments.

In their remaining issue, Dr. Isom and Ms. Fernandez argue that the Romines are not entitled to recover the awarded damages, including costs, when they failed to include a prayer for relief or

an ad damnum clause in either of their complaints. Specifically, Dr. Isom and Ms. Fernandez claim that the judgment is void because it exceeds the relief prayed for in the complaint and amended complaint. Dr. Isom and Ms. Fernandez provide the court with multiple cases which stand for the well-settled proposition that a party is limited to the relief prayed for in his complaint.

As Dr. Isom and Ms. Fernandez point out, Rule 8.01 of the Tennessee Rules of Civil Procedure require a statement demonstrating that the pleader is entitled to relief and a demand for judgment. TENN. R. CIV. P. 8.01. As some commentators have noted, our state rules "do not permit . . . a party to recover money damages in excess of the amount sought in the ad damnum of the complaint." ROBERT BANKS, JR. & JUNE F. ENTMAN, TENNESSEE CIVIL PROCEDURE § 5-4(c) (1999); see also Cross v. City of Morristown, C.A. No. 03A01-9606-CV-00211, 1996 Tenn. App. LEXIS 677, *9 (Tenn. Ct. App. Oct. 22, 1996) (holding "A judgment that exceeds the ad damnum clause is invalid"). Here, the Romines did not seek any money damages or any other relief in either the complaint or amended complaint. The only request they made was for a jury trial.

In response, the Romines argue that the trial court's award of damages should be affirmed because the express language of Tennessee Code Annotated section 29-26-117 gives the plaintiff in a medical malpractice case the choice to pray for relief. Tennessee Code Annotated section 29-26-117 states "[i]n a medical malpractice action the pleading filed by the plaintiff *may* state a demand for a specific sum, but such demand shall not be disclosed to the jury during a trial of the case; notwithstanding the provisions of § 20-9-302 to the contrary." TENN. CODE ANN. § 29-26-117 (emphasis added). The Romines argue that it is within the discretion of a plaintiff in a medical malpractice case whether or not to pray for a specific amount of money damages because the statute uses the word "may." The Romines urge this Court to find that the well-established rule referenced by Dr. Isom and Ms. Fernandez should not be applicable to medical malpractice cases or its application would be contrary to Tennessee Code Annotated section 29-26-117. We agree.

When interpreting a statute, we are to "assume that the legislature used each word in the statute purposely, and that the use of these words conveys some intent and has a meaning and purpose." Browder v. Morris, 975 S.W.2d 308, 311 (Tenn. 1998) (citing Locust v. State, 912 S.W.2d 716, 718 (Tenn. Ct. App. 1995)); see also Anderson Fish & Oyster Co., Inc. v. Olds, 277 S.W.2d 344, 345 (Tenn. 1955). Further, it is an axiom of our law that courts are to give the language used by the legislature its natural and ordinary meaning. Browder, 975 S.W.2d at 311 (citing Austin v. Memphis Pub. Co., 655 S.W.2d 146, 148 (Tenn. 1983)). In section 29-26-117, the legislature purposefully used the word "may." The statue provides that "the pleading filed by the plaintiff *may* state a demand for a specific sum," thus making the inclusion of an adamnum clause permissive in a medical malpractice case. As such, the Romines were not required to state a demand for a specific sum in their pleadings. See TENN. CODE ANN. § 29-26-117. Thus, we affirm the trial court's award of damages to the Romines.

**Conclusion**

Accordingly, we affirm the trial court. Costs on appeal are assessed against the Appellants, Dr. Johnathan Isom and Ms. Julia Fernandez, and their sureties, for which execution may issue if necessary.

 

_____

ALAN E. HIGHERS, JUDGE