David AUSTIN et al.

v.

STATE of Tennessee.

Supreme Court of Tennessee,
at Nashville.

Feb. 2, 2007 Session.

May 1, 2007.

David A. Siegel, Memphis, Tennessee, for the appellants, David Austin, Tina Austin, and April Austin, a minor, by and through her parents and next friends, David Austin and Tina Austin.

Robert E. Cooper, Jr., Attorney General and Reporter; Michael E. Moore, Solicitor General; and Dawn Jordan, Assistant At-torney General, for the appellee, State of Tennessee.

## OPINION

JANICE M. HOLDER, J., delivered the opinion of the court, in which WILLIAM M. BARKER, C.J., and CORNELIA A. CLARK and GARY R. WADE, JJ., joined.

We granted review in this case to determine whether Tennessee Code Annotated section 20–1–119 (Supp.2006) provides a plaintiff with a ninety-day extension of the statute of limitations when a defendant does not explicitly allege the fault of a nonparty. We conclude that the statute gives a plaintiff an additional ninety days to file suit against a potential nonparty tortfeasor whenever a defendant's answer gives a plaintiff notice of the nonparty's identity and alleges facts that reasonably support a conclusion that the nonparty caused or contributed to the plaintiff's injury. We also conclude that Tennessee Code Annotated section 20–1–119 applies whether the nonparty is alleged to be partially responsible or totally responsible for the plaintiff's injuries. Because Fayette County's answer identifies the State as a nonparty and alleges facts that reasonably support a conclusion that the State caused the Austins' injuries, we hold that Tennessee Code Annotated section 20–1–119 is applicable and that the Austins' complaint was timely filed. Accordingly, we reverse the decision of the trial court and remand this case for proceedings consistent with this opinion.

## I. Facts and Procedural History

On October 18, 2002, David Austin, Tina Austin, and their minor daughter, April Austin, ("the Austins") were traveling north on Mt. Pleasant Road in Fayette County, Tennessee, approaching the intersection with Highway 57. Upon reaching the intersection, they drove through a stop

sign without stopping, across Highway 57, and into a ditch. Each of the Austins was injured in the accident.

On June 4, 2003, the Austins filed a complaint alleging that their injuries were the result of Fayette County's negligence. The complaint alleges that Fayette County was negligent in failing to place the stop sign so that it was visible at night, failing to place warning signs along Mt. Pleasant Road, failing to make the roadway safe, failing to illuminate the area properly, failing to place barriers or signs between Highway 57 and the ditch, and failing to maintain the vegetation properly to give motorists an unobstructed view of the stop sign. In its answer filed on October 17, 2003, Fayette County alleges that

> the traffic sign in question was not placed there by the Defendant, Fayette County, Tennessee; that it is in the right of way of the State of Tennessee; that it is under the control of the State of Tennessee; that Fayette County, Tennessee has no control over said stop sign, its placement, maintenance, etc[.] and that it cannot be held liable for the stop sign regardless of its condition.

Fayette County also claims that it was not "engaged in maintenance of the roadway at or near the intersection of Mt. Pleasant Road and Highway 57 including but not limited to the maintenance of lighting, barricades and other traffic devices as they were under the control of the State of Tennessee."

Having received notice that the stop sign and other portions of the intersection are allegedly under the control of the State, on January 7, 2004, the Austins filed a complaint in the Tennessee Claims Commission. In this second complaint, the Austins make the same allegations of negligence against the State that they previously made against Fayette County. The State filed a motion for summary judg-

ment on the grounds that the Austins' second complaint was filed more than one year after the date of injury and was therefore barred by the statute of limitations. The Austins responded, arguing that Fayette County's answer had alleged the State's comparative fault, thus giving the Austins an additional ninety days to file suit pursuant to Tennessee Code Annotated section 20–1–119 (Supp.2006). The trial court granted the State's motion for summary judgment, concluding that Tennessee Code Annotated section 20–1–119 is not applicable because Fayette County's answer does not allege the State's comparative fault but merely alleges that the Austins misidentified Fayette County as the proper defendant. The Austins appealed, and the Court of Appeals affirmed the trial court's ruling with respect to David and Tina Austin but reversed as to April Austin because she was a minor whose cause of action does not expire until she reaches the age of majority. We granted review.

## II. Analysis

Tennessee Code Annotated section 28–3–104 (2000) requires plaintiffs to file personal injury claims within one year of the accrual of the cause of action. Tennessee Code Annotated section 20–1–119(a) (Supp. 2006), however, provides in pertinent part that

> [i]n civil actions where comparative fault is or becomes an issue, if a defendant named in an original complaint … alleges in an answer or amended answer to the original or amended complaint that *a person not a party to the suit caused or contributed to the injury or damage for which the plaintiff seeks recovery,* and if the plaintiff's cause or causes of action against such person would be barred by any applicable statute of limitations but for the operation of this section, the plaintiff may, within

ninety (90) days of the filing of the first answer or first amended answer alleging such person's fault ... [i]nstitute a separate action against that person by filing a summons and complaint.

(emphasis added). If Fayette County's answer alleges that the State "caused or contributed to" the Austins' injuries, then the Austins' complaint against the State was timely because it was filed within ninety days of the filing of Fayette County's answer. If, however, Tennessee Code Annotated section 20–1–119 is not applicable, Tennessee Code Annotated section 28–3–104 bars the Austins' claims.[1]

▮ The applicability of Tennessee Code Annotated section 20–1–119 is a question of statutory construction that we review de novo with no presumption of correctness. *See Button v. Waite*, 208 S.W.3d 366, 369 (Tenn.2006). When construing a statute, our primary purpose is to give effect to the legislative intent. *State v. Flemming*, 19 S.W.3d 195, 197 (Tenn.2000). "We determine legislative intent from the natural and ordinary meaning of the statutory language within the context of the entire statute without any forced or subtle construction that would extend or limit the statute's meaning." *Id.*

In *McIntyre v. Balentine*, 833 S.W.2d 52, 56 (Tenn.1992), we adopted the doctrine of comparative fault to provide for a more just apportionment of fault between plaintiffs and defendants. As part of the new doctrine, we held that defendants must be permitted to allege the fault of nonparties as an affirmative defense, and we anticipated that plaintiffs would require an opportunity to bring such nonparties

before the court. *Id.* at 58. Shortly after our decision in *McIntyre*, the General Assembly enacted Tennessee Code Annotated section 20–1–119, which gives plaintiffs "a limited time within which to amend a complaint to add as a defendant any person alleged by another defendant to have caused or contributed to the injury, even if the statute of limitations applicable to a plaintiff's cause of action against the added defendant has expired." *Owens v. Truckstops of Am.*, 915 S.W.2d 420, 427 (Tenn. 1996). In this manner, the statute provides "an injured party with a fair opportunity to bring before the court all persons who caused or contributed to the party's injuries." *Townes v. Sunbeam Oster Co.*, 50 S.W.3d 446, 451 (Tenn.Ct.App.2001); *see also McNabb v. Highways, Inc.*, 98 S.W.3d 649, 654 (Tenn.2003) (affirming *Townes*). In light of this purpose, we have rejected arguments that narrowly construe Tennessee Code Annotated section 20–1–119 and have applied the statute in a manner consistent with the concepts of fairness and efficiency that underlie the comparative fault system. *See Browder v. Morris*, 975 S.W.2d 308, 312 (Tenn.1998).

▮ The State contends that Tennessee Code Annotated section 20–1–119 requires defendants to allege explicitly that the nonparty tortfeasor caused or contributed to the plaintiff's injury. However, a plaintiff should not be denied an opportunity to recover against that potential tortfeasor simply because a defendant's answer did not follow a precise legal formula. *See Romine v. Fernandez*, 124 S.W.3d 599, 604–05 (Tenn.Ct.App.2003) (holding that a defendant who gave plaintiff sufficient no-

---

1. The State has not appealed the Court of Appeals' conclusion that the statute of limitations for April Austin's claim does not begin to run until she reaches the age of majority. *See* Tenn.Code Ann. § 28–1–106 (2000). Accordingly, April Austin's claim was filed with-

in the statute of limitations. Although April Austin need not rely on Tennessee Code Annotated section 20–1–119, we continue to refer to the Austins collectively for ease of reference.

tice of a nonparty tortfeasor had raised the defense of comparative fault even though he did not explicitly allege the fault of the nonparties). Moreover, under Rule 8.03 of the Tennessee Rules of Civil Procedure, a defendant may successfully raise the defense of comparative fault by "set[ting] forth affirmatively facts in short and plain terms relied upon to constitute . . . comparative fault (including the identity or description of any other alleged tortfeasors)." A defendant is not required to allege the fault of the nonparty explicitly or use the words "comparative fault." Consistent with the liberal pleading standards of the Tennessee Rules of Civil Procedure, the determination of whether comparative fault is an issue cannot turn on the presence or absence of such precise language. *See Karash v. Pigott,* 530 S.W.2d 775, 777 (Tenn.1975) (stating that the Tennessee Rules of Civil Procedure "are designed to insure that cases and controversies be determined upon their merits and not upon legal technicalities or procedural niceties").

■ Based on the foregoing principles, we conclude that Tennessee Code Annotated section 20–1–119 applies whenever a defendant's answer gives a plaintiff notice of the identity of a potential nonparty tortfeasor and alleges facts that reasonably support a conclusion that the nonparty caused or contributed to the plaintiff's injury. In its answer to the Austins' complaint, Fayette County alleges that the stop sign "is in the right of way of the State of Tennessee [and] under the control of the State of Tennessee" and that the State is responsible for the "maintenance of the roadway at or near the intersection of Mt. Pleasant Road and Highway 57." Clearly, these allegations specifically identify the State as a nonparty. In addition, the allegations also reasonably support a conclusion that the State is responsible for

the Austins' injuries. Although Fayette County's answer does not explicitly allege that the State is at fault, the clear implication of the allegation that the State controlled the stop sign is that any negligence in the placement or maintenance of the stop sign should be attributed to the State. We therefore conclude that Fayette County's answer sufficiently alleges that the State caused or contributed to the Austins' injuries.

■ The State also argues that comparative fault is not at issue in this case because Fayette County's factual allegations constitute a general defense that negates an essential element of the Austins' claim, rather than an affirmative allegation of the fault of a nonparty. Stated differently, the general defense does not allege comparative fault but simply denies *all* fault. Our construction of Tennessee Code Annotated section 20–1–119, however, does not support this distinction. Tennessee Code Annotated section 20–1–119 requires us to determine if the answer of Fayette County alleges that a person not a party to the suit *"caused or contributed to "* the injury or damage for which the plaintiff seeks recovery. To give effect to each word of the statute, we must construe "caused" and "contributed to" such that each has a distinct meaning. *See Culbreath v. First Tenn. Bank Nat'l Ass'n,* 44 S.W.3d 518, 524 (Tenn.2001) (holding that when interpreting a statute we are bound to give effect to each word and avoid interpretations that render certain words or phrases superfluous). In this context, the most ordinary use of the word "caused" implies that a nonparty was entirely responsible for the plaintiff's injuries, while "contributed to" suggests that the nonparty was merely one of multiple entities responsible for the plaintiff's injuries. Under this reading of the statute, it is irrelevant whether a defendant seeks to

shift all or part of the fault to a nonparty. Tennessee Code Annotated section 20–1–119 applies in either event. Thus construed, Fayette County's answer may be fairly read to allege that the State *caused* the injuries and damages to the Austins.

We therefore conclude that Fayette County's answer raises the affirmative defense of comparative fault and that Fayette County has sufficiently alleged that the State caused the Austins' injuries. Accordingly, we hold that Tennessee Code Annotated section 20–1–119 is applicable and that the Austins' claims against the State were timely filed. The judgment of the trial court is reversed.

### Conclusion

We conclude that Tennessee Code Annotated section 20–1–119 applies whenever a defendant's answer gives a plaintiff notice of the identity of a potential nonparty tortfeasor and alleges facts that reasonably support a conclusion that the nonparty caused or contributed to the plaintiff's injury. We also conclude that it is irrelevant whether a defendant alleges that the nonparty is totally or partially responsible for the plaintiff's injury. Because Fayette County's answer identifies the State and alleges facts that reasonably support a conclusion that the State is at fault for the Austins' injuries, we hold that Tennessee Code Annotated section 20–1–119 is applicable and that the Austins' complaint was timely filed. Accordingly, we reverse the decision of the trial court and remand this case for proceedings consistent with this opinion.