IN THE SUPREME COURT OF TENNESSEE
AT KNOXVILLE
May 19, 2020 Session

## CLARISSA BIDWELL EX REL. JAMES BIDWELL ET AL. v. TIMOTHY A. STRAIT, M.D. ET AL.

**Appeal by Permission from the Court of Appeals**
**Circuit Court for Hamilton County**
No. 17-C-832          Kyle E. Hedrick, Judge

_____

**No. E2018-02211-SC-R11-CV**

_____

SHARON G. LEE, J., concurring in part and dissenting in part.

I agree with the majority that the Defendants, Dr. Timothy Strait and Dr. Jeffrey Colburn, are entitled to summary judgment. It is a harsh and unfortunate result. The Defendants did not comply with the notice requirement of Tennessee Code Annotated section 29-26-121(a)(5) and gained a tactical advantage which allowed them to win this case. While I agree with the result, I disagree that the Defendants sufficiently alleged comparative fault in their answers so that the Plaintiff had ninety days to amend his complaint under Tennessee Code Annotated section 20-1-119.

The Defendants worked for the Chattanooga-Hamilton County Hospital Authority, known as Erlanger, when the alleged negligence occurred that caused the death of the Plaintiff's wife. The Plaintiff mistakenly named the Defendants' previous employers instead of Erlanger in the mandatory pre-suit notice letters sent to the Defendants. Under Tennessee Code Annotated section 29-26-121(a)(5),[1] the Defendants were required to notify the Plaintiff of any other entity that may be a properly named defendant. Yet the Defendants remained silent, never telling the Plaintiff about Erlanger. When the Plaintiff

---

[1] In the event a . . . health care provider receives notice of a potential claim for health care liability pursuant to this subsection (a), the . . . health care provider *shall*, within thirty (30) days of receiving the notice, based upon any reasonable knowledge and information available, provide written notice to the potential claimant of any other person, entity, or health care provider who may be a properly named defendant.

Tenn. Code Ann. § 29-26-121(a)(5) (Supp. 2020) (emphasis added).

filed suit, he sued the Defendants' former employers—not Erlanger. Still playing hide the ball, the Defendants answered the complaint, not alleging under Tennessee Code Annotated section 20-1-119[2] that Erlanger, as their employer, caused or contributed to the death of the Plaintiff's wife or was vicariously liable for the Defendants' actions. *See Browder v. Morris*, 975 S.W.2d 308, 312–13 (Tenn. 1998) (holding that section 20-1-119 applied to defendants who could be vicariously liable for the conduct of a defendant who caused or contributed to the plaintiff's injury).

After suit was filed, the Defendants finally notified the Plaintiff—in the form of motions for summary judgment—that Erlanger, as their employer, was not only a properly named defendant but also an indispensable party. Not surprisingly, the Defendants prevailed on summary judgment after arguing that, under the Governmental Tort Liability Act, the Plaintiff could not obtain a judgment against them because he did not sue Erlanger. The Defendants got away with this because even though section 29-26-121(a)(5) requires a health care provider who receives pre-suit notice to give a plaintiff notice of another entity that may be a properly named defendant, there is no penalty for noncompliance. Thus, the Defendants were rewarded for ignoring a statutory obligation.[3] This cannot be what the Legislature intended by enacting section 29-26-121(a)(5).

---

[2] In civil actions where comparative fault is or becomes an issue, if a defendant named in an original complaint initiating a suit filed within the applicable statute of limitations . . . alleges in an answer or amended answer to the . . . complaint that a person not a party to the suit caused or contributed to the injury or damage for which the plaintiff seeks recovery, and if the plaintiff's cause . . . of action against that person would be barred by any applicable statute of limitations but for the operation of this section, the plaintiff may, within ninety (90) days of the filing of the first answer or first amended answer alleging that person's fault, either:

(1) Amend the complaint to add the person as a defendant pursuant to Tenn. R. Civ. P. 15 and cause process to be issued for that person; or

(2) Institute a separate action against that person by filing a summons and complaint.

Tenn. Code Ann. § 20-1-119(a)(1)–(2) (2012).

[3] The Defendants argue that their noncompliance is not material because the Plaintiff gave them notice of his claim less than thirty days before the statute of limitations ran on any claims against Erlanger. Under section 29-26-121(a)(5), the Defendants had thirty days to notify the Plaintiff of other potential parties. But notice under section 29-26-121(a)(5) does not depend on whether a plaintiff has time to receive notice and then bring potential defendants into a suit. The statute states that defendants "*shall* . . . provide written notice . . . of any other person, entity, or health care provider who may be a properly named defendant." Tenn. Code Ann. § 29-26-121(a)(5) (emphasis added). The Defendants failed to comply with this statutory mandate.

By the time the Plaintiff learned that the Defendants worked for Erlanger, it was too late to sue Erlanger. There was no 120-day extension of the statute of limitations under Tennessee Code Annotated section 29-26-121(c)[4] because the Plaintiff did not give pre-suit notice to Erlanger. Thus, by April 2017, the Plaintiff's claim against Erlanger was time-barred.[5] Without Erlanger as a defendant, the Plaintiff's case against the Defendants was doomed.

Because the Defendants did not allege in their answers that Erlanger caused or contributed to the Plaintiff's wife's death, Tennessee Code Annotated section 20-1-119—which allows a plaintiff ninety days to bring an action that would otherwise be time-barred—was never triggered. Each of the Defendants merely included in their answers the customary generic statement reserving their right to assert comparative fault against anyone else who might be found to have caused the Plaintiff's wife's death.

Defendant Strait's answer, filed in August 2017, identified Erlanger as his employer and stated:

> This defendant *reserves the right, should discovery or evidence*, including that presented at trial, *indicate it appropriate, to plead the comparative negligence of* the decedent or *any other person or entity*, as a proximate or contributing cause of all or a portion of the alleged injuries and damages, and to take into account such evidence in apportioning or comparing negligence or fault, causation or damages, whether in apportionment or mitigation. *At this time, this defendant has no knowledge of any persons except the parties identified and as set forth in the plaintiff's Complaint to which this doctrine would apply.*

(Emphasis added).

Defendant Colburn's answer, filed in September 2017, did not identify Erlanger as his employer and stated:

---

[4] "When notice is given to a provider as provided in this section, the applicable statute[] of limitations . . . shall be extended for a period of one hundred twenty (120) days from the date of the expiration of the statute of limitations . . . applicable to that provider." Tenn. Code Ann. § 29-26-121(c) (2012 & Supp. 2020).

[5] In April 2016, the Plaintiff's wife died at Erlanger. In March 2017, the Plaintiff gave pre-suit notice of his health care liability claim to the Defendants. In July 2017, the Plaintiff sued the Defendants. This suit was timely because the Plaintiff had given pre-suit notice to the Defendants before the one-year statute of limitations expired and thus gained a 120-day extension of the one-year statute of limitations. *See* Tenn. Code Ann. §§ 29-26-116(a)(1), -121(c) (2012 & Supp. 2020).

> *To avoid waiver and pending further investigation and discovery*, Dr. Colburn raises the affirmative defense of comparative fault. *Should the evidence, as developed through the course of investigation and discovery, or at trial, indicate that others*, including but not limited to the other parties in this matter, were guilty of negligence that *caused or contributed to the injuries and damages* alleged in the Complaint, if any, then *Dr. Colburn reserves the right to amend his Answer* and to show the same at trial.

(Emphasis added).

Under section 20-1-119(a), a defendant's answer must provide reasonable notice of another potential defendant. For example, in *Austin v. State*, 222 S.W.3d 354 (Tenn. 2007), a county alleged in its answer that the State, not the county, was responsible for the placement and management of the stop sign where the plaintiffs' accident happened. *Id.* at 356. This Court held that the county had specifically identified the State as a potential nonparty at fault, and allegations in the county's answer "reasonably support[ed] a conclusion that the State [was] responsible for the [plaintiffs'] injuries." *Id.* at 358. Similarly, in *Romine v. Fernandez*, 124 S.W.3d 599 (Tenn. Ct. App. 2003), the defendant doctor denied that he was negligent and generally asserted comparative fault, alleging that hospital staff administered the medicine that caused the plaintiff's injuries but not based on an order from the defendant doctor. *Id.* at 601. The *Romine* court found that although the defendant doctor did not specifically identify the hospital staff members who administered the medication, his answer provided reasonable notice of another person or entity's involvement. *Id.* at 604–05.

A defendant need not assert comparative fault in a formulaic manner or allege fault of the nonparty explicitly, but the defendant must still "allege[] facts that reasonably support a conclusion that the nonparty caused or contributed to the plaintiff's injury." *Austin*, 222 S.W.3d at 357–58. While both Defendants admitted that they treated the Plaintiff's wife at Erlanger, neither Defendant "alleg[ed] facts that reasonably support a conclusion that [Erlanger] caused or contributed to the [Plaintiff's wife's death]." *See id.* at 358. Instead, the Defendants stated in their answers that they were raising comparative fault *in case they discovered at some point* that another party was guilty of negligence that caused or contributed to the Plaintiff's wife's death. This standard preservation of an affirmative defense—that may or may not develop—is not the same as alleging that Erlanger (or anyone else) caused or contributed to the death of the Plaintiff's wife.

Thus, because the Defendants did not allege any facts that reasonably support a conclusion that Erlanger was responsible for the Plaintiff's wife's death, the ninety-day window provided by Tennessee Code Annotated section 20-1-119 for the Plaintiff to amend and name Erlanger as a party was never opened. Accordingly, the Plaintiff's claims against Erlanger were barred by the one-year statute of limitations and could not be saved by the ninety-day extension.

The Defendants' failure to notify the Plaintiff about Erlanger is not extraordinary cause that would excuse the Plaintiff from providing Erlanger pre-suit notice. *See* Tenn. Code Ann. § 29-26-121(b).[6] "Extraordinary cause" is not defined in the statute, but this Court has provided examples of extraordinary cause, including the plaintiff's lawyer's illness or a death in the lawyer's immediate family. *Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300, 311 (Tenn. 2012) (quoting John A. Day, *Med Mal Makeover 2009 Act Improves on '08: The New New Medical Malpractice Notice and Certificate of Good Faith Statutes*, 45 Tenn. B.J. 14, 17 (July 2009)). These examples of extraordinary cause, while not exhaustive, involve unusual and untimely difficulties faced by a plaintiff's counsel and not the failure of a defendant to comply with a statutory requirement.

The Legislature carved out an exception to the pre-suit notice requirement in section 29-26-121(c) for parties who are identified after the expiration of the statute of limitations as parties who caused or contributed to a plaintiff's injury.[7] But that statutory exception works in conjunction with another statutory exception—the ninety-day window provided by Tennessee Code Annotated section 20-1-119 for suing defendants alleged to be comparatively at fault. For a defendant to rely on the defense of another party's comparative fault, the defendant must identify that party in an answer or an amended answer. *See* Tenn. R. Civ. P. 8.03.[8] Once an answer or an amended answer identifies a party as being comparatively at fault, the ninety-day window provided by section 20-1-119 applies.

Unfortunately, the Legislature has not created any statutory mechanism for bringing in a party after expiration of the statute of limitations whose comparative fault was not alleged. Nor has the Legislature created a statutory remedy for a defendant's failure to comply with section 29-26-121(a)(5). Even though there is no statutory penalty for noncompliance with section 29-26-121(a)(5), defendants should not feel free to ignore a statute when it helps them win a case. We should not condone, reward, or tolerate a violation of a statutory obligation to disclose information.

In sum, the Plaintiff's failure to give notice to Erlanger was fatal to the Plaintiff's claims against Erlanger and also against the Defendants. I disagree with the majority's

---

[6] "The court has discretion to excuse compliance with [the statutory notice requirements of section 29-26-121] only for extraordinary cause shown." Tenn. Code Ann. § 29-26-121(b) (2012 & Supp. 2020).

[7] "Once a complaint is filed alleging a claim for health care liability, the notice provisions of this section shall not apply to any person or entity that is made a party to the action thereafter by amendment to the pleadings as a result of a defendant's alleging comparative fault." Tenn. Code Ann. § 29-26-121(c).

[8] "In pleading to a preceding pleading, a party shall set forth affirmatively facts in short and plain terms relied upon to constitute . . . comparative fault (including the identity or description of any other alleged tortfeasors) . . . ." Tenn. R. Civ. P. 8.03.

conclusion that the Defendants' general statements preserving the affirmative defense of comparative fault but not asserting the comparative fault of another person or entity was enough to trigger section 20-1-119. Thus, even if the Plaintiff had filed an amended complaint to bring in Erlanger within ninety days after the Defendants filed their answers, the Plaintiff's claims against Erlanger were time-barred because the Plaintiff was not entitled to section 20-1-119's ninety-day extension.

It is for these reasons that I agree that the Defendants are entitled to summary judgment but disagree with part of the majority's analysis.

_____
SHARON G. LEE, JUSTICE