FILED
09/18/2019
Clerk of the
Appellate Courts

# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### August 22, 2019 Session

## CLARISSA BIDWELL, DECEASED, BY NEXT FRIEND AND HUSBAND, JAMES BIDWELL, ET AL. V. TIMOTHY A. STRAIT, M.D., ET AL.

### Appeal from the Circuit Court for Hamilton County
### No. 17-C-832       Kyle E. Hedrick, Judge

_____

### No. E2018-02211-COA-R3-CV

_____

Plaintiff, James Bidwell, took his wife, Clarissa Bidwell, to Starr Regional Medical Center for treatment. She was transferred to Chattanooga-Hamilton County Hospital Authority dba Erlanger Health System, a governmental hospital authority, where she was treated, but later died. Plaintiff provided statutorily compliant pre-suit notice of his intent to file a health care liability action against each health care provider that was named as a defendant in the complaint. *See* Tenn. Code Ann. § 29-26-121(a). Plaintiff did not provide pre-suit notice to Erlanger. Tenn. Code Ann. § 29-26-121(a)(5) requires a recipient of pre-suit notice to give written notice to a claimant of any other person, entity, or health care provider who may be properly named a defendant within thirty days of receiving pre-suit notice. However, Dr. Jeffery Colburn and Dr. Timothy A. Strait failed to identify Erlanger as their employer, *i.e.* a known and necessary party to the suit. Plaintiff timely filed his complaint within the 120-day extension of the statute of limitations provided by Tenn. Code Ann. § 29-26-121. Defendants answered plaintiff's complaint, each raising the affirmative defense of comparative fault. Dr. Colburn and Dr. Strait then moved for summary judgment arguing that, pursuant to the Governmental Tort Liability Act, without Erlanger as a party defendant no judgment could be rendered against them. *See* Tenn. Code Ann. § 29-20-310(b). In response, plaintiff filed two motions to amend his complaint to add Erlanger as a defendant, in reliance upon the extension to the statute of limitations provided in Tenn. Code Ann. § 20-1-119(a). After a hearing, the trial court held that plaintiff's failure to provide pre-suit notice to Erlanger prevents him from adding them to his complaint. It granted Dr. Colburn and Dr. Strait's motions for summary judgment. Plaintiff appeals. We hold that Tenn. Code Ann. § 29-26-121(a)(5) required Dr. Colburn and Dr. Strait to identify Erlanger as a known and necessary party within thirty days after receiving pre-suit notice; they failed to comply with § 29-26-121(a)(5). We hold that, pursuant to Tenn. Code Ann. § 20-1-119, their subsequent declaration of the necessity of the nonparty to the suit, after the complaint was filed, granted plaintiff an additional ninety days following the filing of the first answer to amend his complaint in order to add the nonparty as a defendant. *See* Tenn.

-1-

Code Ann. § 20-1-119; *see also* Tenn. Code Ann. § 20-1-119(g) (stating that this section applies to suits involving governmental entities). In addition, we hold that, pursuant to Tenn. Code Ann. § 29-26-121(c), plaintiff's addition of the nonparty is not barred for failure to provide pre-suit notice. *See* Tenn. Code Ann. § 29-26-121(c). Therefore, we vacate the trial court's award of summary judgment to defendants Dr. Colburn and Dr. Strait. We remand this matter for further proceedings, pursuant to applicable law, and consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which JOHN W. MCCLARTY and THOMAS R. FRIERSON, II, JJ., joined.

Jimmy W. Bilbo and Daniel W. Clanton, Cleveland, Tennessee, for the appellant, Clarissa Bidwell, deceased, by next friend and husband, James Bidwell, and James Bidwell, individually, and as personal representative of the Estate of Clarissa Bidwell, deceased.

Joshua A. Powers and Alexandra E. Weiss, Chattanooga, Tennessee, for the appellee, Jeffrey Colburn, M.D.

Laura Beth Rufolo, Keith H. Grant, and P. Aaron Wells, Chattanooga, Tennessee, for the appellee Timothy A. Strait, M.D.

**OPINION**

**I.**

On March 28, 2016, Clarissa Bidwell was hospitalized at Starr Regional Medical Center for various cranial ailments. A computed tomography (CT) scan revealed a nine millimeter rounded density just lateral to her pituitary; this was concerning for an aneurysm and she was transferred by ambulance to the emergency department at Erlanger Medical Center for a neurosurgical consultation. A neurosurgical consultation was performed by Timothy A. Strait, M.D. A computed tomography angiography of Mrs. Bidwell's head and neck revealed a medially directed aneurysm. On March 29, 2016, a cerebral angiogram was performed by Blaise Baxter, M.D., an interventional radiologist. On March 30, 2016, after testing and overnight evaluation, Mrs. Bidwell was ultimately released by Jeffrey Colburn, M.D., with the consent of Dr. Strait and Dr. Baxter. On the way home from Erlanger, she experienced stroke-like symptoms; her husband immediately took her back to the hospital where a CT scan revealed that Mrs. Bidwell suffered an acute right frontal intracranial hemorrhage. She was returned to Erlanger by helicopter ambulance.

On April 1, 2016, Mrs. Bidwell underwent an emergency craniotomy with evacuation of intracranial hematoma. On April 4, 2016, she was transitioned to comfort care. On April 6, 2016, Mrs. Bidwell died.

Plaintiff alleges that defendants failed to adequately and timely treat Mrs. Bidwell's condition and negligently discharged her from the hospital. In addition, plaintiff alleges that defendants' negligence fell below the applicable standard of care, and Mrs. Bidwell's injuries and death would not have occurred absent the defendants' negligence.

On March 24, 2017, pursuant to Tenn. Code Ann. § 29-26-121, plaintiff provided pre-suit notice of his intent to bring a health care liability action against each health care provider that was named as a defendant in the complaint. Plaintiff delivered statutorily compliant pre-suit notice to Dr. Strait at Neurosurgical Group of Chattanooga, which was the address listed for him on the Department of Health's website. Plaintiff believed this was Dr. Strait's correct employer; however, his practice had been acquired by Chattanooga-Hamilton County Hospital Authority dba Erlanger Health System. Erlanger was Dr. Strait's actual employer during the events comprising plaintiff's claim. Plaintiff did not provide pre-suit notice to Erlanger, nor name it as a defendant. In addition, plaintiff sent pre-suit notice to EmCare, Inc. and/or Envision Healthcare Corporation believing that Dr. Jeffrey Colburn was an agent or employee of these entities. This was inaccurate; he also was an employee of Erlanger.

As will prove central to our discussion, Chattanooga-Hamilton County Hospital Authority, more commonly known as Erlanger, is a governmental hospital authority created by Private Act in 1976. *See **Chattanooga-Hamilton County Hosp. Authority v. Bradley County***, 249 S.W.3d 361 (Tenn. 2008). Because the Hospital Authority, as owner of the Erlanger Health System and employer of Dr. Strait and Dr. Colburn, is a governmental entity, the lawsuit before this Court is governed in part by the Tennessee Governmental Tort Liability Act (GTLA), which states that:

> No claim may be brought against an employee or judgment entered against an employee for damages for which the immunity of the governmental entity is removed by this chapter unless the claim is one for health care liability brought against a health care practitioner. No claim for health care liability may be brought against a health care practitioner or judgment entered against a health care practitioner for damages for which the governmental entity is liable under this chapter, unless the amount of damages sought or judgment entered exceeds the minimum limits set out in § 29-20-403 or the amount of insurance coverage actually carried

by the governmental entity, whichever is greater, and the governmental entity is also made a party defendant to the action.

Tenn. Code Ann. § 29-20-310(b). Pursuant to the GTLA, in order to maintain its suit against Dr. Colburn and Dr. Strait, plaintiff must have also sued Erlanger. As stated *infra*, despite the statutory mandate, plaintiff failed to serve pre-suit notice to Erlanger, and did not name it in his complaint.[1]

Defendants Dr. Colburn and Dr. Strait failed to provide plaintiff with "written notice" of "any other person, entity, or health care provider who may be a properly named defendant," within thirty days of receiving pre-suit notice, as required by Tenn. Code Ann. § 29-26-121(a)(5).[2] Significantly, defendants Dr. Colburn and Dr. Strait did not notify plaintiff that Erlanger was their actual employer.

Following the filing of plaintiff's complaint on July 24, 2017, Dr. Baxter and Tennessee Interventional & Imaging Associates, PLLC, Dr. Colburn, and Dr. Strait each filed an answer. On August 28, 2017, Dr. Strait filed his answer. On August 28, 2017, Dr. Baxter and Tennessee Interventional & Imaging Associates, PLLC filed their answer. On September 11, 2017, Dr. Colburn filed his answer.

In their respective answers, Dr. Colburn, Dr. Baxter, and Dr. Strait raised the affirmative defense of comparative fault – more on this later. Additionally, Dr. Colburn and Dr. Strait identified Erlanger as the location of the events underlying the present suit and the location from which plaintiff was discharged prior to her death, which are central components of plaintiff's health care liability action. In their answer, for the first time, Dr. Strait and Dr. Colburn identified nonparty Erlanger as their actual employer during the timeframe relevant to plaintiff's complaint. Dr. Strait and Dr. Colburn both denied their individual liability.

On October 19, 2017, Dr. Strait filed a motion for summary judgment. As stated previously in this opinion, Tenn. Code Ann. § 29-20-310(b) allows a physician employed by a governmental entity to be personally liable only when the governmental entity is also a party defendant. Dr. Strait argued that "[d]uring the time I provided care and treatment to Clarissa Bidwell beginning on March 28, 2016, I was an employee of Erlanger Medical Center." He argued that

> As Dr. Strait is an employee of Erlanger Medical Center, any medical malpractice lawsuit brought against him, as a

---

[1] On March 29, 2019, this Court denied Erlanger's motion "seeking leave to appear and file a brief as an amicus curiae."

[2] Effective April 24, 2015, the legislature amended Tenn. Code Ann. § 29-26-121 to add section 121(a)(5).

governmental employee, must also be brought pursuant to and in strict compliance with the Tennessee Governmental Tort Liability Act.

He argued that, "without Erlanger Medical Center as a party defendant, no judgment can be rendered against Dr. Strait." He requested dismissal.

On November 3, 2017, in response to Dr. Strait's motion for summary judgment, plaintiff filed a motion for leave to amend his complaint. Plaintiff argued that defendant failed to adhere to Tenn. Code Ann. § 29-26-121(a)(5), because he failed to notify plaintiff that Dr. Strait was actually employed by and/or an agent of Erlanger. In addition, plaintiff argued that Dr. Strait had placed comparative fault at issue by alleging in his answer that an entity not a party to the suit caused or contributed to the injury or damage for which plaintiff was seeking recovery. Plaintiff argued that, pursuant to Tenn. Code Ann. § 20-1-119 and Tenn. R. Civ. P. 15.01, and so that the proper parties are before the court, plaintiff should be permitted to amend his complaint to add Erlanger and cure the alleged error. He argued that, pursuant to Tenn. Code Ann. § 20-1-119, his motion to amend was timely, because it was submitted within the ninety day extension of the statute of limitations granted by § 20-1-119.

On November 14, 2017, Dr. Colburn also filed a motion for summary judgment. Therein, similar to Dr. Strait, he stated that he was employed by "Chattanooga-Hamilton County Hospital Authority [dba] Erlanger Health System…during the time that [he] provided care and treatment to Clarissa Bidwell related to this action." He also argued that Erlanger is a governmental hospital entity governed by the Tennessee Governmental Tort Liability Act, and that because Erlanger, a governmental entity and employer of Dr. Colburn, was not made a party, then no judgment could be rendered against him. He requested dismissal.

In response, on November 20, 2017, plaintiff filed his second motion for leave to amend his complaint as to Dr. Colburn. He reiterated the same arguments made in his first motion to amend.

On February 23, 2018, the trial court heard oral argument on the motions for summary judgment and on plaintiff's motions to amend. It took the matter under advisement. On September 25, 2018, it entered a separate memorandum and order for Dr. Colburn and Dr. Strait granting their motions for summary judgment. The trial court held in both that

> under the relevant and applicable provisions of the GTLA and the HCLA, the Hospital Authority is a proper and necessary defendant to this case and its absence as a party defendant, as is required under the Governmental Tort Liability Act, makes

-5-

Plaintiff's case fatally defective. Furthermore, the pre-suit notice requirement of the HCLA and Plaintiff's failure to conform therewith prevents the Plaintiff from curing the Hospital Authority's absence by adding it as a party via amendment. Finally, Tennessee jurisprudence shows that the relation back doctrine under Rule 15.03 is altogether inapplicable to HCLA pre-suit notices…because Plaintiff cannot amend the complaint to add the Hospital Authority as a named defendant without violating the explicit pre-suit requirements of the HCLA…

The trial court denied plaintiff's motion for leave to amend. Plaintiff filed a motion to alter or amend the judgment, to make additional findings of fact, or for a new trial. The plaintiff's motions were denied. Plaintiff appeals.

## II.

On appeal, we consider whether the trial court erred by denying plaintiff's motions to amend and instead granting Dr. Colburn and Dr. Strait's motions for summary judgment.

## III.

A trial court's decision to grant a motion for summary judgment presents a question of law. Our review is therefore *de novo* with no presumption of correctness afforded to the trial court's determination. **Bain v. Wells**, 936 S.W.2d 618, 622 (Tenn. 1997).

## IV.

## A.

The trial court held that plaintiff's attempt to amend his complaint in order to add the Hospital Authority (dba Erlanger) was futile, because plaintiff failed to provide Erlanger pre-suit notice prior to filing the complaint:

In order to have validly named the Hospital Authority as a party defendant, Plaintiff had to have delivered to the Hospital Authority a compliant pre-suit notice before filing a complaint and before the passing of the applicable statute of limitations. It is undisputed that Plaintiff failed to do either. As was decided in **Shockley** and re-affirmed in **Runions**, the omission of the pre-suit notice cannot be cured via

-6-

amendment under Rule 15.03. Because the pre-suit notice cannot be retroactively amended to add the Hospital Authority, Plaintiffs motion to amend the complaint is futile.

As can be seen, in reaching its holding, the trial court considered the Supreme Court's recent decision, in **Runions v. Jackson-Madison Cty. Gen. Hosp. Dist.**, 549 S.W.3d 77, 85–86 (Tenn. 2018) (citations omitted). In **Runions**, the plaintiff and her infant daughter had been treated at the defendant hospital. The infant daughter died due to the alleged medical negligence of several health care providers. Plaintiff sent pre-suit notices to several entities, all of whom had the same registered agent. Defendants filed for summary judgment, because plaintiff failed to give pre-suit notice to, and ultimately add to the complaint, Jackson-Madison County General Hospital, which was a necessary defendant. Plaintiff argued that they intended to file suit against the proper entity, but got the name wrong, and sought to substitute a health care provider as a defendant after the expiration of the statute of limitations. **Id**. Despite proffered evidence that Jackson-Madison was put on constructive notice of the lawsuit, because it's registered agent was identical to that of several already-named defendants, the Supreme Court held that such constructive notice was insufficient to satisfy the requirements of Section 121(a)(1). **Id**.

The **Runions** case followed another Supreme Court decision, in **Shockley v. Mental Health Coop., Inc.**, 429 S.W.3d 582 (Tenn. Ct. App. 2013), that reached a similar conclusion regarding the addition of a nonparty to a health care liability action. In **Shockley**, the plaintiff named a fundraising organization, rather than the corporate body that managed the facility and provided care to the patient, as a defendant. *See **Shockley v. Mental Health Coop., Inc.**, 429 S.W.3d 582 (Tenn. Ct. App. 2013). The Supreme Court held that pre-suit notice to a corporate health care provider that contained a misnomer was insufficient to constitute notice to the proper defendant. **Id**.

While the Supreme Court held, in **Runions**, that, "[w]e [] cannot vary the language of the statute to allow a plaintiff to avoid compliance with the pre-suit notice statute when she does not correctly identify the potential defendant," it is important to recognize that the applicable statute has since been amended by the legislature. Auspiciously, following the Supreme Court's decision in **Shockley**, and after **Runions** began its journey through the courts, the legislature amended Tenn. Code Ann. § 29-26-121 to add Section 121(a)(5). Following the amendment, the onus is no longer on the plaintiff alone to correctly identify all potential defendants to a health care liability action.

Effective April 24, 2015, and applicable to the present matter, Tenn. Code Ann. § 29-26-121(a)(5) states that

> [i]n the event a person, entity, or health care provider receives notice of a potential claim for health care liability pursuant to this subsection (a), the person, entity, or health care provider

> shall, within thirty (30) days of receiving the notice, based upon any reasonable knowledge and information available, provide written notice to the potential claimant of any other person, entity, or health care provider who may be a properly named defendant.

This provision is mandatory. *See* Tenn. Code Ann. § 29-26-121(a)(5) (stating "shall…provide written notice"); *Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300, 308 (Tenn. 2012) (holding that the use of the word "shall" in statutes indicates that the legislature intended the requirements to be mandatory, not directory).

As mentioned above, Tenn. Code Ann. § 29-26-121(a)(5) was enacted after *Shockley* was decided, and was not yet applicable to the factual scenario before the Supreme Court in *Runions*. Additionally, neither matter addressed the issue of comparative fault. Therefore, the matter before this Court arises in both a different statutory and situational context, and is therefore distinct from *Runions* and *Shockley*.

**B.**

This matter implicates the amendment in Section 121(a)(5), and we are tasked with interpreting and applying it in the matter presently before this Court. In so doing, we are asked to consider: what is the result when a recipient of pre-suit notice fails to comply with § 29-26-121(a)(5), and then requests the dismissal of a matter based upon a claimant's failure to add a necessary party that was known to the recipient of pre-suit notice and should have been identified to claimant following receipt of pre-suit notice and prior to the claimant filing the complaint, pursuant to § 29-26-121(a)(5)?

In order to resolve this issue, we must first determine what Tenn. Code Ann. § 29-26-121(a)(5) requires of a recipient of pre-suit notice. Defendants argue that Tenn. Code Ann. § 29-26-121(a)(5) only requires the recipient of pre-suit notice to correct a misnomer, and that it does not require the recipient to identify additional parties not named by claimant. The plain language of the statute renders the defendants' interpretation untenable.

In § 29-26-121(a)(5), the enacted language instructs the recipient of pre-suit notice to provide a claimant with "written notice" of

> any *other* person, entity, or health care provider who may be a properly named defendant.

(Emphasis added). Here, the word "other" is used as an adjective modifying "person, entity, or health care provider" in the sentence. The word "other" is not a technical term; it is defined in common parlance as:

being the one (as of two or more) remaining or not included; being the one or ones distinct from that or those first mentioned or implied; not the same; additional.

*See* Merriam-Webster Dictionary, *Other*, (Sept. 4, 2019) merriam-webster.com /dictionary/other (adjectival definition). As used in § 29-26-121(a)(5), "other," in the most plain terms, indicates that the legislature intended the recipient of pre-suit notice to identify "person[s], entit[ies], or health care provider[s]" not included, additional, or distinct from that or those first mentioned by the claimant in the pre-suit notice.

Furthermore, by modifying the word "other" with "any," the enacted language clarifies that the recipients of pre-suit notice are to provide the claimant with what amounts to a complete and total identification of all those "who may be a properly named defendant" based upon the "reasonable knowledge and information available" to the party that received the pre-suit notice. *See* Tenn. Code Ann. § 29-26-121(a)(5).

This understanding is not only in accordance with the plain language of the statute, but is also consistent with the statute's purpose; as stated by the Supreme Court, "[p]re-suit notice benefits the parties by promoting early resolution of claims, which also serves the interest of judicial economy." ***Runions v. Jackson-Madison Cty. Gen. Hosp. Dist.***, 549 S.W.3d 77, 86 (Tenn. 2018). Section 121(a)(5) further promotes judicial economy and the early resolution of claims by ensuring that all proper parties are identified by claimants. Correspondingly, this promotes a decrease in the addition of unnecessary parties to health care liability actions, *i.e.* those whom claimants may otherwise unnecessarily include in an abundance of caution.

The onus is no longer solely on the claimant to identify all necessary parties to a health care liability action. Following the addition of § 29-26-121(a)(5), it therefore stands to reason that a defendant may not withhold the identity of a known or necessary person, entity, or health care provider who may be a properly named defendant.

**C.**

Returning to the present matter, it is clear that defendants Dr. Colburn and Dr. Strait did not comply with Tenn. Code Ann. § 29-26-121(a)(5); as a matter of fact, they did not even attempt to comply.[3] Instead, they let the thirty days expire, and filed answers to plaintiff's complaint. The first time Dr. Colburn and Dr. Strait identified Erlanger as

---

[3] Defendants Dr. Colburn and Dr. Strait argue that if they had provided written notice plaintiff would not have been able to provide pre-suit notice to Erlanger in a timely manner. This argument is immaterial given that Dr. Colburn and Dr. Strait did not, in fact, provide the written notice mandated by Tenn. Code Ann. § 29-26-121(a)(5).

their actual employer, and as a nonparty health care provider who should be a properly named defendant, was in their answers.

Interestingly, and as will prove relevant to our resolution, their respective answers included: (1) notice of the identity of a potential nonparty tortfeasor, (2) facts that reasonably support a conclusion that the nonparty caused or contributed to the plaintiff's injury, (3) a denial of individual liability, and (4) statements placing comparative fault at issue. In their respective answers, Dr. Colburn and Dr. Strait raised, and/or otherwise placed at issue, the affirmative defense of comparative fault. Dr. Colburn stated that

> …Dr. Colburn raises the affirmative defense of comparative fault. Should the evidence, as developed through the course of investigation and discovery, or at trial, indicate that others, including but not limited to the other parties in this matter, were guilty of negligence that caused or contributed to the injuries and damages alleged in the Complaint, if any, then Dr. Colburn reserves the right to amend his Answer and to show the same at trial.

In his answer, Dr. Strait also stated that

> This defendant reserves the right, should discovery or evidence, including that presented at trial, indicate it appropriate, to plead the comparative negligence of the decedent or any other person or entity, as a proximate or contributing cause of all or a portion of the alleged injuries and damages, and to take into account such evidence in apportioning or comparing negligence or fault, causation or damages, whether in apportionment or mitigation. At this time, this defendant has no knowledge of any persons except the parties identified and as set forth in the plaintiff's Complaint to which this doctrine would apply.

In addition to raising comparative fault, Dr. Strait and Dr. Colburn identified Erlanger as the location of the events underlying the present suit, the location from which plaintiff was allegedly improperly discharged, and as the actual employer of alleged at-fault doctors Dr. Strait and Dr. Colburn. In his answer, Dr. Strait stated that

> It would be shown that at all material times Dr. Strait was employed by Erlanger Health System and provided healthcare services to Clarissa Bidwell in the course and scope of his employment with Erlanger Health System.

\*      \*      \*

It is admitted Clarissa Bidwell was transferred from Starr Regional Medical Center to Erlanger Medical Center.

\*      \*      \*

It is admitted Mrs. Bidwell was discharged from Erlanger on March 30, 2016.

\*      \*      \*

it is denied this defendant was negligent in the care and treatment he provided to Clarissa Bidwell or that he was a direct or proximate cause of any alleged injuries and death suffered by Mrs. Bidwell.

\*      \*      \*

this defendant is without information or knowledge sufficient to form a belief as to what occurred on the way home from Erlanger Medical Center... It is admitted Mrs. Bidwell was returned to Erlanger for a higher level of care. It is specifically denied this defendant was negligent in the care and treatment of Mrs. Bidwell or that he was a direct or proximate cause of any alleged injuries or death suffered by Mrs. Bidwell.

\*      \*      \*

It would be shown that in April, 2015, The Neurosurgical Group of Chattanooga, P.C., sold its assets to Erlanger Medical Center and ceased conducting business.

-11-

Dr. Colburn stated that

>Dr. Colburn admits that he provided medical care to Clarissa Bidwell in Hamilton County at the Chattanooga-Hamilton County Hospital Authority d/b/a Erlanger Health System ("Erlanger") in 2016.

>\* \* \*

>Dr. Colburn admits upon information and belief that Clarissa Bidwell presented to Starr Regional Medical Center in Athens, Tennessee, and on March 28, 2016 Clarissa Bidwell was transferred from Starr Regional Medical Center to Erlanger for possible aneurysm.

>\* \* \*

>Dr. Colburn admits that Clarissa Bidwell was prescribed Plavix and aspirin, was discharged from Erlanger on March 30, 2016 by Dr. Colburn with the consent of Dr. Strait and Dr. Baxter

>\* \* \*

>Dr. Colburn admits that Clarissa Bidwell returned to Erlanger for further care on March 30, 2016.

>\* \* \*

>Dr. Colburn admits that he provided care to Clarissa Bidwell at Erlanger on the dates as reflected in the medical records.

* * *

> To the extent that Plaintiffs allege any negligence or deviation from the applicable standard of care by Dr. Colburn, Dr. Colburn would show that at all material times, the services, care and treatment provided to Clarissa Bidwell were performed in accordance with that degree of skill, learning and experience ordinarily used, possessed and practiced by such healthcare practitioners in the Chattanooga, Hamilton County, Tennessee community and/or similar communities; that accepted and proper methods were used; that Dr. Colburn met the standard of care set forth in T.C.A. § 29-26-101, et seq.; and that the services, care and treatment delivered to Clarissa Bidwell at all times were in accordance with the reasonable requirements of good care and practice, and in accordance with the generally accepted standard of care and practice in the Chattanooga, Hamilton County, Tennessee community and/or similar communities. It is specifically denied that the matters set forth in the Complaint were a result of any negligent act or omission by Dr. Colburn, or the failure on the part of Dr. Colburn to act with ordinary and reasonable care.

As outlined above, both Dr. Colburn and Dr. Strait also denied they were at fault for any injuries that occurred to Mrs. Bidwell. Furthermore, Dr. Baxter also raised the issue of comparative fault, and argued for its application to the present matter at a later hearing.

After filing their answers, Dr. Colburn and Dr. Strait moved for summary judgment based upon plaintiff's failure to add a necessary party – Erlanger – to his complaint. As stated earlier in this opinion, Erlanger must be a party in order to sustain the cause of action against Dr. Colburn and Dr. Strait, pursuant to the GTLA. On November 3, 2017 and on November 20, 2017, as to Dr. Strait and Dr. Colburn respectively, plaintiff filed motions to amend his complaint in order to add Erlanger as a defendant. In his motion, plaintiff argued that:

> Tenn. Code Ann. § 20-1-119(a)(1)-(2) provides for the joinder of third party defendants when comparative fault is or becomes an issue.

* * *

-13-

> As a result, defendant [] has placed comparative fault at issue in this case by alleging in his Answer to the original Complaint that an entity not a party to the suit caused or contributed to the injury or damage for which Mr. Bidwell is seeking recovery.

Tenn. Code Ann. § 20-1-119 states that

> if a defendant named in an original complaint initiating a suit filed within the applicable statute of limitations…alleges in an answer…that a person not a party to the suit caused or contributed to the injury or damage for which the plaintiff seeks recovery, and if the plaintiff's cause or causes of action against that person would be barred by any applicable statute of limitations but for the operation of this section, the plaintiff may, within ninety (90) days of the filing of the first answer or first amended answer alleging that person's fault, either:
>
> (1) Amend the complaint to add the person as a defendant pursuant to Tenn. R. Civ. P. 15 and cause process to be issued for that person…

Tenn. Code Ann. § 20-1-119(a). Plaintiff argued that his motion to add Erlanger was not barred by the statute of limitations, because § 20-1-119(a) permitted him an additional ninety days in which to file his amended complaint.

Regarding comparative fault, the Supreme Court has held that there is no specific formula required in a pleading in order to place it at issue. In *Austin v. State*, automobile accident victims brought an action against a county to recover for negligence. *Austin v. State*, 222 S.W.3d 354, 355 (Tenn. 2007). The county filed its answer; the victims then filed a complaint against the state more than one year after the accident, but within ninety days after the county's answer. The Supreme Court granted review in order to determine whether Tenn. Code Ann. § 20-1-119 provided a plaintiff with a ninety-day extension of the statute of limitations when a defendant does not explicitly allege the fault of a nonparty. The Supreme Court held that the statute does give plaintiff an additional ninety days to file suit against a potential nonparty tortfeasor whenever a defendant's answer gives a plaintiff notice of the nonparty's identity and alleges facts that reasonably support a conclusion that the nonparty caused or contributed to the plaintiff's injury. *Austin* 222 S.W.3d at 355.

In *Austin*, the Supreme Court held that Tenn. Code Ann. § 20-1-119 applies whether the nonparty is alleged to be partially responsible or totally responsible for the

plaintiff's injuries. Because the county's answer identified the state as a nonparty and alleged facts that reasonably supported a conclusion that the state caused or contributed to the Austins' injuries, it held that Tenn. Code Ann. § 20-1-119 was applicable, and that the complaint was timely filed within the ninety day extension provided therein. *Id*.

The Supreme Court further clarified that a precise formula is not required for identifying a potential at-fault nonparty. It stated that:

> The State contends that Tennessee Code Annotated section 20–1–119 requires defendants to allege explicitly that the nonparty tortfeasor caused or contributed to the plaintiff's injury. However, a plaintiff should not be denied an opportunity to recover against that potential tortfeasor simply because a defendant's answer did not follow a precise legal formula. *See **Romine v. Fernandez**,* 124 S.W.3d 599, 604–05 (Tenn. Ct. App. 2003) (holding that a defendant who gave plaintiff sufficient notice of a nonparty tortfeasor had raised the defense of comparative fault even though he did not explicitly allege the fault of the nonparties). Moreover, under Rule 8.03 of the Tennessee Rules of Civil Procedure, a defendant may successfully raise the defense of comparative fault by "set[ting] forth affirmatively facts in short and plain terms relied upon to constitute ... comparative fault (including the identity or description of any other alleged tortfeasors)." A defendant is not required to allege the fault of the nonparty explicitly or use the words "comparative fault." Consistent with the liberal pleading standards of the Tennessee Rules of Civil Procedure, the determination of whether comparative fault is an issue cannot turn on the presence or absence of such precise language. *See **Karash v. Pigott**,* 530 S.W.2d 775, 777 (Tenn. 1975) (stating that the Tennessee Rules of Civil Procedure "are designed to insure that cases and controversies be determined upon their merits and not upon legal technicalities or procedural niceties").
>
> Based on the foregoing principles, we conclude that Tennessee Code Annotated section 20–1–119 applies whenever a defendant's answer gives a plaintiff notice of the identity of a potential nonparty tortfeasor and alleges facts that reasonably support a conclusion that the nonparty caused or contributed to the plaintiff's injury.

*Austin,* 222 S.W.3d at 357–58.

In addition, in **Romine v. Fernandez**, this Court held that tentative statements of comparative fault, in a physician's answer, were sufficient to trigger Tenn. Code Ann. § 20-1-119's grace period in order to permit the plaintiff to add claims against allegedly comparatively negligent defendants. **Romine v. Fernandez**, 124 S.W.3d 599 (Tenn. Ct. App. 2003). This Court stated that

> Our Supreme Court has previously stated that section 20–1–119 was enacted in response to this Court's adoption of comparative fault, and that the concepts of fairness and efficiency form the basis of such a system. The purpose behind the statute is to "provide an injured party with a fair opportunity to bring before the court all persons who caused or contributed to the party's injuries." In light of this purpose, this statute is not to be construed narrowly, but should be construed liberally.

**Romine v. Fernandez**, 124 S.W.3d 599, 604 (Tenn. Ct. App. 2003) (internal citations and quotations omitted). Additionally, this Court clarified that the fact that plaintiff knew of the party's identity, or should have known of the party's identity, prior to filing the suit, is irrelevant:

> Whether the Romines knew or should have known of [the additional parties] and their status as potential defendants is irrelevant to the application of Tennessee Code Annotated section 20–1–119. *See* **Townes**, 50 S.W.3d at 452–453 (holding that "a plaintiff's knowledge of the existence of other persons who might be liable for the plaintiff's injuries is irrelevant"). The Romines timely filed their amended complaint which saved their claims from being time barred.

**Romine v. Fernandez**, 124 S.W.3d 599 (Tenn. Ct. App. 2003) (affirming the trial court; application for permission to appeal denied by the Supreme Court).

Based on the foregoing, it is clear that comparative fault has been placed at issue in the present matter, and therefore Tenn. Code Ann. § 20-1-119 is applicable. According to the principles espoused therein, it follows that the result of defendants' decision to withhold the identity of a known and necessary defendant, and decision to instead identify the necessary nonparty in their answer, is that plaintiff is entitled to the extension to the statute of limitations provided in Tenn. Code Ann. § 20-1-119(a); *see also* Tenn. Code Ann. § 20-1-119(g) (explicitly stating that this section applies to suits involving governmental entities). This is consistent with the legislature's mandatory instruction that

all known potential defendants are to be identified in health care liability actions. *See* Tenn. Code Ann. § 29-26-121(a)(5).

**D.**

Despite the foregoing, do we not simply end up back where we began, where plaintiff's failure to provide pre-suit notice to the nonparty bars its addition to the complaint? No, because while pre-suit notice is a precursor to filing a health care liability action, there are two relevant situations in Tenn. Code Ann. § 29-26-121 in which failure to provide written pre-suit notice of a claim may be excused. First, courts have "discretion to excuse compliance with this section [] for extraordinary cause." Tenn. Code Ann. § 29-26-121(b). We need not consider exercising our discretion here. Second, Tenn. Code Ann. § 29-26-121(c) states that

> [o]nce a complaint is filed alleging a claim for health care liability, the notice provisions of this section shall not apply to any person or entity that is made a party to the action thereafter by amendment to the pleadings as a result of a defendant's alleging comparative fault.

Tenn. Code Ann. § 29-26-121(c). This provision clarifies that the legislature envisioned the interplay between health care liability pre-suit notice and comparative fault. The legislature's instruction directs their reconciliation; when comparative fault is at play following a filed complaint, pre-suit notice takes the backseat.

Tenn. Code Ann. § 29-26-121(a)(5) states that recipients of pre-suit notice have an obligation to provide a claimant written notice of a potentially proper defendant, based upon any reasonable knowledge and information available, within thirty days of the receipt of pre-suit notice. This provision is mandatory. *See* Tenn. Code Ann. § 29-26-121(a)(5) (stating "shall…provide written notice"); ***Myers v. AMISUB (SFH), Inc.***, 382 S.W.3d 300, 308 (Tenn. 2012) (holding that the use of the word "shall" in statutes indicates that the legislature intended the requirements to be mandatory, not directory). If a recipient does not identify a potential defendant, and then alleges the fault of that nonparty or attempts to dismiss the complaint or receive summary judgment based on the nonparty's absence, it is logical that plaintiff be permitted to add that party based upon the concepts of fairness and efficiency at the core of comparative fault. *See **Austin v. State***, 222 S.W.3d 354, 355 (Tenn. 2007); ***Romine v. Fernandez***, 124 S.W.3d 599 (Tenn. Ct. App. 2003); Tenn. Code Ann. § 20-1-119; Tenn. Code Ann. § 29-26-121(c). When this occurs, the statute of limitations is extended for ninety days following the first answer, pursuant to Tenn. Code Ann. § 20-1-119, and pre-suit notice to that party is no longer required, pursuant to Tenn. Code Ann. § 29-26-121(c) ("[o]nce a complaint is filed alleging a claim for health care liability, the notice provisions of this section shall not apply to any person or entity that is made a party to the action thereafter by

amendment to the pleadings as a result of a defendant's alleging comparative fault"). Therefore, failure to provide pre-suit notice does not bar the addition of Erlanger to plaintiff's complaint.

## E.

As a final matter, we quickly address whether or not plaintiff successfully filed his motion to amend the complaint within ninety days following the filing of the first answer. On August 28, 2017, the first answers were filed by Dr. Baxter and Dr. Strait. Therein, the issue of comparative fault was first raised, nonparty Erlanger was identified, and correspondingly, Tenn. Code Ann. § 20-1-119 was triggered. In accordance with Tenn. Code Ann. § 20-1-119(a), on November 3, 2017 and on November 20, 2017, plaintiff filed motions to amend his complaint in order to add Erlanger. Simple math dictates that both motions were filed within ninety days of the first answer.

## V.

In sum, neither the statute of limitations nor the pre-suit notice requirements of Tenn. Code Ann. § 29-26-121 are impediments to plaintiff's timely filed motions to amend his complaint in the context of a claim for comparative fault. The addition of Erlanger will cure plaintiff's failure to comply with the GTLA.

Accordingly, we vacate the trial court's award of summary judgment to defendants Dr. Jeffrey Colburn and Dr. Timothy A. Strait. Costs on appeal are taxed to the appellees, Dr. Jeffrey Colburn and Dr. Timothy A. Strait. This matter is remanded for further proceedings, pursuant to applicable law, and consistent with this opinion.

_____
CHARLES D. SUSANO, JR., JUDGE