# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs July 1, 2021

## DELIA RUTH SMITH DURHAM v. KAREN STONE, ET AL.

**Appeal from the Circuit Court for Hamilton County**
No. 20C711  John B. Bennett, Judge

_____

### No. E2020-01444-COA-R3-CV

_____

This appeal involves a complaint filed by a pro se plaintiff.  After two hearings, the trial court entered an order granting the defendants' motions to dismiss.  The plaintiff appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

CARMA DENNIS MCGEE, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and FRANK G. CLEMENT, JR., P.J., M.S., joined.

Delia Ruth Smith Durham, Ooltewah, Tennessee, Pro Se.

Jerry H. Summers and Jimmy F. Rodgers, Jr., Chattanooga, Tennessee, for the appellees, Karen Stone and Waldenhouse Publishers, Inc.

## OPINION

### I.  FACTS & PROCEDURAL HISTORY

On July 2, 2020, Delia Ruth Smith Durham, acting pro se, filed a handwritten complaint in the Circuit Court of Hamilton County, Tennessee.  The style of the complaint listed the sole defendant as Karen Stone.  The body of the complaint alleged:

> I Delia Ruth Smith Durham want to file Breach of Contract against Walden House Publishers, Inc. Karen Stone.
> I believe over 6 million Books have sold, she says only 4 have.  I know or believe if you do a tax audit on the tax product I.D. Code 55001500 Blast Off To Outer Darkness by Herman Luther Jack Yokley you will know

exactly how much was paid for taxes and can determine, How many exact books were sold.  At 2.47 I should be due about 17 million dollars.

(addresses and telephone numbers omitted).  The remainder of the complaint simply stated how Ms. Durham intended to use the money.

A motion to dismiss was jointly filed by Karen Stone and Waldenhouse Publishers, Inc.  It was supported by an affidavit and various exhibits, including a contract between Ms. Durham and Waldenhouse Publishers, Inc.  In August 2020, a hearing was held by telephone conference.  Thereafter, the trial court entered an order dismissing Waldenhouse Publishers, Inc., from the case because Ms. Durham had not effectuated service of process on it.  The order stated that Ms. Durham had not pled sufficient facts for piercing the corporate veil as to Ms. Stone.  As such, the trial court gave Ms. Durham fifteen days to file an amended complaint pleading sufficient facts as to why Ms. Stone should be held personally liable.

Ms. Durham filed a handwritten amendment asking the trial court to order a tax audit, with various exhibits attached.  Ms. Stone then filed a second motion to dismiss.  The second motion was heard by telephone conference in September 2020.  Thereafter, the trial court entered an order stating that dismissal of Ms. Stone was appropriate because Ms. Durham had not pled sufficient facts to justify piercing the corporate veil or to support "any other theory."  Ms. Durham timely filed a notice of appeal.

## II.  DISCUSSION

On appeal, Ms. Durham filed a notice of no transcript.  She filed a one-page handwritten brief that simply states:

My case was filed in [H]amilton county, in circuit court case # 20C711.
    Sept. 22, 2020, Judge Bennett ordered to dismiss my case without hearing it.  I was trying to tell him I had 2 [subpoenas] out waiting the return.  He hung up on me.  Due to his error, I'd like a [retrial], with an argument.

After the appellee filed a brief explaining that the trial court had held the two hearings by telephone conference due to the pandemic, Ms. Durham filed a reply brief acknowledging that she was part of the telephone conference.  She said the trial judge and opposing counsel were talking "as if I wasn't on [the] phone."  She said when they finished speaking, she "tried to comment," and when the trial judge said he was dismissing the case, she started to tell them about the subpoenas but then heard a "click."

There are two major obstacles that hinder our review of this appeal.  The first is the state of Ms. Durham's brief.  Tennessee Rule of Appellate Procedure 27 states:

(a) Brief of the Appellant. The brief of the appellant shall contain under appropriate headings and in the order here indicated:

(1) A table of contents, with references to the pages in the brief;

(2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;

(3) A jurisdictional statement in cases appealed to the Supreme Court directly from the trial court indicating briefly the jurisdictional grounds for the appeal to the Supreme Court;

(4) A statement of the issues presented for review;

(5) A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;

(6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;

(7) An argument, which may be preceded by a summary of argument, setting forth:

(A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and

(B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);

(8) A short conclusion, stating the precise relief sought.

Ms. Durham's single-page brief wholly fails to comply with Rule 27. "[W]here a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." *Sneed v. Bd. of Pro. Resp. of Supreme Ct.*, 301 S.W.3d 603, 615 (Tenn. 2010).

The second problem concerns the record on appeal. Rule 6 of the Rules of the Court of Appeals provides,

No complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or pages of the record where such action is recorded. No assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded.

Tenn. Ct. App. R. 6(b). Ms. Durham's brief does not contain a reference to the record to show where the allegedly erroneous action of the trial court is recorded. The record does not contain a transcript of the telephonic hearing or a statement of the evidence or proceeding indicating what occurred in the trial court. In the absence of a transcript or

statement of the evidence, "the issues on appeal are before this court on the technical record only." *Swearengen v. DMC-Memphis, Inc.*, 488 S.W.3d 774, 777 (Tenn. Ct. App. 2015) (citing *Baugh v. Moore*, No. M2013-02224-COA-R3-CV, 2015 WL 832589, at *3 (Tenn. Ct. App. Feb. 25, 2015)). The record before us consists of only a single volume of technical record. That record contains the trial court's final order stating that the trial court conducted a telephone conference on September 22, 2020, that Ms. Durham "participated *pro se*," and that the trial court heard "arguments of defense counsel and from the plaintiff."

"Rule 24 of the Tennessee Rules of Appellate Procedure places on the appellant the duty to prepare a record which conveys a fair, accurate, and complete account of what transpired in the trial court regarding the issues which form the basis of the appeal." *Burris v. Burris*, 512 S.W.3d 239, 247 (Tenn. Ct. App. 2016). Ms. Durham has failed to supply this Court with a record that supports her limited argument on appeal. Statements in briefs are "not a substitute for a transcript or statement of the evidence." *Stapleton v. Stapleton*, No. E2014-02014-COA-R3-CV, 2015 WL 4978989, at *1 (Tenn. Ct. App. Aug. 21, 2015) (quoting *Schuelke v. Gudgeon*, No. M2013-01887-COA-R3-CV, 2014 WL 4725192, at *3 (Tenn. Ct. App. Sept 23, 2014)).

We recognize that Ms. Durham has proceeded pro se throughout this case. "Parties who decide to represent themselves are entitled to fair and equal treatment by the courts," but we cannot "excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003).

## III.  CONCLUSION

Because there is nothing in the record before this Court to support Ms. Durham's limited argument on appeal, we affirm the decision of the circuit court and remand for further proceedings. Costs of this appeal are taxed to the appellant, Delia Ruth Smith Durham, for which execution may issue if necessary.

_____
CARMA DENNIS MCGEE, JUDGE

- 4 -