IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 19, 2013 Session

## KRISTINA MORRIS v. JIMMY PHILLIPS, ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 11C3082      Joseph P. Binkley, Jr., Judge**

**No. M2013-00417-COA-R9-CV - Filed December 17, 2013**

A multi-vehicle accident occurred in August 2010. The plaintiff initially named only one of the drivers involved in the accident along with the record owner of the driver's vehicle. The record owner filed an answer identifying three other drivers/tortfeasors involved in the accident in December 2011, and the driver identified the same three individuals as tortfeasors in his answer that was filed seven months later, in July 2012. The plaintiff did not file an amended complaint adding the individuals identified as defendants until August 2012, which was more than 90 days after the first answer was filed. One of the individuals named as a defendant filed a motion to dismiss, arguing the plaintiff waited too late to add her as a defendant. The trial court denied the motion. The late-added defendant appealed, and we reverse the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed**

PATRICIA J. COTTRELL, P.J., M.S., delivered the opinion of the Court, in which ANDY D. BENNETT, and RICHARD H. DINKINS, JJ., joined.

Daniel A. Gagliano, Nashville, Tennessee, for the appellant, Rachel Mitchell.

Allen Woods, Nashville, Tennessee, for the appellee, Kristina Morris.

## OPINION

Kristina Morris was involved in a multi-vehicle accident on August 18, 2010, when she was hit from behind while driving her car north on Interstate 65. Ms. Morris filed a negligence action on August 8, 2011, alleging she suffered personal injury and property damage as a result of the accident. Initially, Ms. Morris named just one of the drivers involved in the accident as a defendant, Jimmy Phillips, as well as the record owner of the

car driven by Mr. Phillips, Mary Thompson. Ms. Morris alleged Mr. Phillips was driving a few cars behind her and that he ran into other vehicles, causing a chain reaction that resulted in Ms. Morris's car being struck by a vehicle other than the one Mr. Phillips was driving.

Ms. Morris amended her Complaint on October 14, 2011, to substitute Patricia Griffin for Mary Thompson as the record owner of the vehicle Mr. Phillips was driving. Ms. Griffin filed an Answer on December 21, 2011, in which she identified three other individuals, Rachel Mitchell, Porsha Johnson, and Kathy Pearson, who were driving vehicles in front of Mr. Phillips at the time of the accident. Ms. Griffin alleged these three other individuals were negligent and that their negligence either barred or reduced Ms. Morris's claims against Ms. Griffin. Specifically, Ms. Griffin alleged these three other individuals

> made sudden and abrupt stopping movements, said movements being made without first ascertaining whether said movements could be made in safety, and thus the defendant avers that the actions of the plaintiff and said aforementioned drivers caused or contributed to the contact to the rear of the plaintiff vehicle and therefore this defendant avers that the plaintiff and said aforementioned drivers Mitchell, Johnson, and Pearson, at the time of the accident involved herein were negligent . . . .

Mr. Phillips filed his Answer seven months later, on July 16, 2012. Mr. Phillips identified the same three individuals as additional tortfeasors in his Answer that Ms. Griffin had identified in her Answer. Then, eight days later, on July 24, 2012, Ms. Morris filed a motion to amend her Complaint, seeking the court's permission to add Rachel Mitchell, Porsha Johnson, and Kathy Pearson as additional defendants/tortfeasors.

Ms. Mitchell filed a Motion to Dismiss in which she argued Ms. Morris had waited too long to amend her complaint to add Ms. Mitchell as a defendant. Ms. Mitchell contended that the statute governing joinder of third party defendants in comparative fault cases requires a plaintiff to add a nonparty defendant within 90 days of the filing of the first answer identifying that person as a potential tortfeasor. Ms. Mitchell pointed out that Ms. Griffin identified Ms. Mitchell as a potential tortfeasor in her Answer filed on December 21, 2011, but that Ms. Morris waited until July 24, 2012, which was more than 90 days later, to seek permission to add Ms. Mitchell as a defendant.

Tennessee Code Annotated § 20-1-119 gives a plaintiff alleging negligence 90 days to add an individual not initially named in his or her complaint, but who is identified by an original defendant as a potential tortfeasor:

(a) In civil actions where comparative fault is or becomes an issue, if a

defendant named in an original complaint initiating a suit filed within the applicable statute of limitations, or named in an amended complaint filed within the applicable statute of limitations, alleges in an answer or amended answer to the original or amended complaint that a person not a party to the suit caused or contributed to the injury or damage for which the plaintiff seeks recovery, and if the plaintiff's cause or causes of action against that person would be barred by any applicable statute of limitations but for the operation of this section, the plaintiff may, within ninety (90) days of the filing of the first answer or first amended answer alleging that person's fault, either:

(1) Amend the complaint to add the person as a defendant pursuant to Tenn. R. Civ. P. 15 and cause process to be issued for that person; or

(2) Institute a separate action against that person by filing a summons and complaint. If the plaintiff elects to proceed under this section by filing a separate action, the complaint so filed shall not be considered an original complaint initiating the suit or an amended complaint for purposes of this subsection (a).

Ms. Mitchell contends that Ms. Morris was made aware of Ms. Mitchell's potential liability when Ms. Griffin filed her Answer on December 21, 2011, and that the 90 days began to run at that time. Ms. Mitchell points out that Mr. Phillips identified the same three additional tortfeasors as Ms. Griffin, and that his Answer included no more information about these three individuals or about the accident than Ms. Griffin's Answer.

The trial court denied Ms. Mitchell's motion, writing:

Defendant Griffin's allegations that Rachel Mitchell was a third party tortfeasor were not reasonably supported by facts known by Defendant Griffin at the time such allegations were made in her Answer. Furthermore, the allegations made by Defendant Phillips against Ms. Mitchell in his Answer many months later were reasonably supported and would lead to the conclusion that Ms. Mitchell was a potential third party tortfeasor in this case. Considering the remedial nature or T.C.A. § 20-1-119 as well as the unique facts of this case, the Court is of the opinion that Plaintiff timely filed her action against Defendant Mitchell.

Ms. Mitchell filed a motion seeking permission to file an interlocutory appeal, which the trial court granted. Ms. Mitchell then applied to this Court for permission to file an interlocutory appeal, which we granted.

The only issue on appeal is whether Ms. Morris's claims against Ms. Mitchell were barred by the one-year statute of limitations when she failed to amend her Complaint to add Ms. Mitchell as a defendant within 90 days of the filing of the first Answer naming Ms. Mitchell as a potential tortfeasor.

Our Supreme Court has set forth the standard of review appellate courts apply to this type of case:

> The applicability of Tennessee Code Annotated section 20-1-119 is a question of statutory construction that we review *de novo* with no presumption of correctness. *See Button v. Waite*, 208 S.W.3d 366, 369 (Tenn. 2006). When construing a statute, our primary purpose is to give effect to the legislative intent. *State v. Flemming*, 19 S.W.3d 195, 197 (Tenn. 2000). "We determine legislative intent from the natural and ordinary meaning of the statutory language within the context of the entire statute without any forced or subtle construction that would extend or limit the statute's meaning." *Id*.

*Austin v. State*, 222 S.W.3d 354, 357 (Tenn. 2007).

The statute of limitations for negligence actions resulting in personal injuries is one year. Tenn. Code Ann. § 28-3-104. The doctrine of comparative fault was judicially adopted in Tennessee in the case *McIntyre v. Balentine*, 833 S.W.2d 52, 56 (Tenn. 1992). Shortly after that decision, the General Assembly enacted Tenn. Code Ann. § 29-1-119 to allow plaintiffs the opportunity to amend their complaints to bring in as additional parties individuals the defendants alleged in their Answer were at fault for the plaintiff's alleged injuries.

The purpose of § 29-1-119 is to give plaintiffs a limited opportunity to amend a complaint to add as a defendant any person another defendant alleges caused or contributed to a plaintiff's injury, even if the statute of limitations applicable to the plaintiff's cause of action has expired. *Owens v. Truckstops of Am.*, 915 S.W.2d 420, 427 (Tenn. 1996). The statute is to be liberally construed, such that a defendant is not required to use particular language or explicitly allege the fault of a nonparty for a plaintiff to be put on notice that a nonparty may be liable for the plaintiff's alleged damages. *Austin*, 222 S.W.3d at 357-58.

The language of the statute is clear, however, that a plaintiff has 90 days from the filing of the first answer or **first amended** answer alleging another person's fault to add that other person as a defendant. The Answer Ms. Griffin filed on December 21, 2011, was unambiguous in identifying Ms. Mitchell as a tortfeasor who may be liable to Ms. Morris for

the injuries she allegedly suffered as a result of the accident on August 18, 2010. Pursuant to the language of § 29-1-119, Ms. Morris had until March 21, 2012, to add Ms. Mitchell as a defendant to her action.

We are not persuaded by Ms. Morris's argument that Mr. Phillips' Answer triggered the 90-day window but that Ms. Griffin's Answer did not, because Mr. Phillips used the same language in his Answer that Ms. Griffin used in her Answer to identify the additional tortfeasors and describe their liability. The fact that Mr. Phillips was at the scene of the accident, and Ms. Griffin was not, is irrelevant. The Tennessee Rules of Civil Procedure do not require a party to have first-hand knowledge or be an eyewitness to an event to set forth an affirmative defense or allege comparative negligence by a non-party. Pleadings in complaints and answers are often based on information and belief, and the discovery process then allows the parties to determine whether there is evidence to support the statement(s) made on information and belief. Contrary to Ms. Mitchell's argument, Ms. Griffin was not required to "state any factual basis for how she ha[d] knowledge of Ms. Mitchell using, or failing to use, her turn signals" for the 90-day statutory period to begin to run.

The trial court's judgment denying Ms. Mitchell's motion to dismiss is hereby reversed and the case is remanded to the trial court for further proceedings in accordance with this opinion.

Costs of this appeal shall be taxed to the appellee, Kristina Morris, for which execution shall issue, if necessary.

_____
PATRICIA J. COTTRELL, JUDGE
