IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 8, 2025 Session

## BRENDA SANDS v. ROBERT WILLIARD ET AL

**Appeal from the Circuit Court for Shelby County**
**No. CT-4859-20     Gina C. Higgins, Judge**

_____

### No. W2024-00772-COA-R9-CV

_____

The Plaintiff, who was injured by tripping on a sidewalk, filed suit against the private property owners and city but failed to properly serve the city. In their original answer, the private property owners asserted the city's comparative fault but not in express terms. The Plaintiff voluntarily dismissed the city as a defendant. In an amended answer, the private property owners expressly asserted comparative fault against the city. The Plaintiff promptly amended her complaint to add the city as a defendant under Tennessee Code Annotated section 20-1-119, which provides a plaintiff 90 days after the filing of an answer asserting comparative fault against a non-party to add that non-party as a defendant, even if doing so would otherwise be barred by a statute of limitations. The city asserted this was not in accordance with the statute because the private property owners asserted comparative fault against the city in the original answer. The trial court determined that, although the original answer did raise comparative fault of the city, this did not trigger the 90-day window under the statute because the city was a party at the time. The trial court concluded that the amended answer was timely filed within 90 days of the filing of the first answer alleging comparative fault against a non-party, which was the amended answer. The city appeals. We affirm.

**Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the Circuit Court Affirmed**

JEFFREY USMAN, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and KENNY W. ARMSTRONG, J., joined.

Edward J. McKenney, Jr., and William J. Wyatt, Memphis, Tennessee, for the appellant, City of Germantown, Tennessee.

David A. Siegel, Memphis, Tennessee, for the appellee, Brenda Sands.[1]

_____
[1] The property owners, Robert and Theresa Williard, through counsel, filed a notice with this court indicating that they chose not to participate in this appeal.

# OPINION

## I.

According to her complaint, in December 2019, Brenda Sands was injured when she tripped on a rise in the sidewalk on Neshoba Road in Germantown, Tennessee. The alleged incident occurred in front of Robert and Theresa Williard's property. In November 2020, Ms. Sands filed a complaint alleging negligence against the Williards individually and against the City of Germantown under the Tennessee Government Tort Liability Act, Tennessee Code Annotated section 29-20-101 *et seq.* (GTLA).

In its answer, the City raised an issue related to service of process, alleging that Ms. Sands did not properly serve the mayor or city attorney. In their original answer, filed in April 2021, the Williards admitted to allegations in certain paragraphs of the complaint related to the City's potential negligence, namely:

> 17. Plaintiff charges and avers that the City of Germantown was under a duty of care, which is the care that an ordinary careful person would use to avoid an injury to themselves and/or to others under the same or similar circumstances.
>
> 18. Plaintiff charges and avers that the City of Germantown's acts and/or omissions created and/or allowed an unreasonably dangerous condition to exist, which constitutes gross negligence.

Beyond admitting to these paragraphs in the complaint, the Williards' original answer did not specifically assert comparative fault against the City, nor did it use the term "comparative fault."

By May 2022, Ms. Sands had not secured a new summons to resolve the service issue with the City. As a result, the City filed a motion for summary judgment based on the running of the GTLA's one-year statute of limitations. *See* Tenn. Code Ann. § 29-20-305(b). In October 2022, while the City's motion for summary judgment was pending, the Williards moved to amend their answer to, in part, assert comparative fault against the City. In February 2023, before the trial court ruled on either pending motion, Ms. Sands moved to voluntarily dismiss the City. In her motion, Ms. Sands referenced the City's pending motion for summary judgment related to service of process, the statute of limitations, and the Williards' pending motion to amend their answer. Ms. Sands expressly stated that the purpose of the dismissal was to avoid the alleged outstanding service issues. She explained,

> Once the amendment occurs, Plaintiff intends to rely on T.C.A. § 20-1-119 by filing an Amended Complaint bringing the City back into the lawsuit

without the need to address the City's argument that service of process was ineffective as to the complaint currently pending against the City. To be clear, in filing this motion, Plaintiff is in no way conceding that the City's defense of improper service of process is meritorious, but instead contends that the voluntary nonsuit of the present action against the City is the clearest and most efficient way to ensure all parties are before the court so that this matter can proceed on the merits in the most expeditious way possible.

The court granted Ms. Sands's motion to voluntarily dismiss the City and the Williards' motion to amend their answer. In their amended answer, filed February 23, 2023, the Williards specifically stated that they were asserting comparative fault against the City. A few days after the amended answer was filed, Ms. Sands filed an amended complaint that re-added the City as a party under Tennessee Code Annotated section 20-1-119.

The City responded to the amended complaint with a motion to dismiss in which it asserted that the negligence claim against it was barred by the one-year statute of limitations. The City argued that Ms. Sands could not utilize Tennessee Code Annotated section 20-1-119 to add the City back into the lawsuit because she did not file her amended complaint within 90 days of the first answer to assert comparative fault against the City. Under the City's theory, the Williards' original April 2021 answer, not the February 2023 amended answer, was the first to raise comparative fault when the Williards admitted that the City had a duty of care and had allowed an unreasonably dangerous condition to exist. Therefore, the City argued the amended complaint was filed well outside the statutory period, as it was filed nearly two years after the original answer was filed, thus depriving Ms. Sands of the benefit of being able to use Tennessee Code Annotated section 20-1-119 to add the City.

At a hearing on the motion to dismiss, the parties presented differing understandings of how Tennessee Code Annotated section 20-1-119 applies to the circumstances of the present case. The City argued that it did not matter that it was a party when the Williards filed their first answer, which it believed had raised comparative fault as to the City. Ms. Sands disputed that comparative fault had been raised in the initial answer. But even assuming it was raised, Ms. Sands countered that it is critical that the City was a party when the original answer was filed, as it rendered the later amended complaint the first time that comparative fault was raised against the City as a non-party.

In its written order denying the City's motion to dismiss, the trial court agreed with the City insofar as it concluded that the Williards' original answer did raise comparative fault. The trial court concluded, however, that the City was a party at the time, so this did not trigger Tennessee Code Annotated section 20-1-119. The trial court indicated that the Williards' amended answer, filed in February 2023, was the triggering answer, as it raised comparative fault against the City during the time when the City was not a party to the suit.

- 3 -

Therefore, because Ms. Sands filed her amended complaint to re-add the City within the 90-day window provided by the statute, she had properly made use of Tennessee Code Annotated section 20-1-119 to add the City back into the case.

The City moved for leave to seek an interlocutory appeal under Tennessee Rule of Appellate Procedure 9, which the trial court granted. This court granted the city's application as to the following issue: Whether Tennessee Code Annotated section 20-1-119 applies under the circumstances of this case?

## II.

A motion to dismiss based on Tenn. R. Civ. P. 12.02(6) challenges only the legal sufficiency of the complaint, not the strength of the plaintiff's case. *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011). The motion is resolved based on the pleadings alone. *Id.* at 426 (citing *Leggett v. Duke Energy Corp.*, 308 S.W.3d 843, 851 (Tenn. 2010)). A defendant who files a motion to dismiss "'admits the truth of all of the relevant and material allegations contained in the complaint, but . . . asserts that the allegations fail to establish a cause of action.'" *Id.* (quoting *Brown v. Tenn. Title Loans, Inc.*, 328 S.W.3d 850, 854 (Tenn. 2010)). When ruling on a motion to dismiss, courts are to "construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences." *Id.* We review a trial court's decision de novo with no presumption of correctness. *Id.* We review questions of statutory construction de novo. *Mills v. Fulmarque, Inc.*, 360 S.W.3d 362, 366 (Tenn. 2012) (citing *Austin v. State*, 222 S.W.3d 354, 357 (Tenn. 2007)).

## III.

The issue before this court on appeal is whether the trial court correctly applied Tennessee Code Annotated section 20-1-119 when it held that Ms. Sands properly amended her complaint to add the City as a defendant within 90 days of the Williards' amended answer.

There are three cases that are of particular importance to the parties' arguments in the present case: (1) *Scales H.G. Hill Realty Co., LLC*, No. M2017-00906-COA-R3-CV, 2018 WL 625117 (Tenn. Ct. App. Jan. 30, 2018); (2) *Townes v. Sunbeam Oster Co.*, 50 S.W.3d 446 (Tenn. Ct. App. 2001); and (3) *Queen's Tree Surgery, Inc. v. Metro. Gov't of Nashville & Davidson Cnty.*, No. M20030-0228-COA-R3-CV, 2003 WL 22768689 (Tenn. Ct. App. Nov. 24, 2003).

We address each in turn, beginning by addressing *Scales*, the circumstances of which bear a remarkable resemblance to those of the present case. In an entirely appropriate concession at oral argument, the City conceded that the *Scales* decision, which is an unpublished decision of this court, must have been wrongly decided in order for the

City to prevail on appeal in the present case.[2]  In *Scales*, after a slip and fall at a grocery store, the plaintiff brought a lawsuit against Publix and also H.G. Hill Realty Co., LLC, and Hill Center at Belle Meade, LLC (the Hill defendants).  *Scales*, 2018 WL 625117, at *1.  In their answers, Publix and the Hill defendants asserted comparative fault against each other.  *Id.*  During litigation, the Hill defendants filed a motion to compel discovery against the plaintiff, which led the plaintiff to voluntarily dismiss the Hill defendants.  *Id.*  Later, Publix filed an amended answer where it again asserted comparative fault against the Hill defendants.  *Id.*  Although the statute of limitations had run, the plaintiff then, within 90 days of the amended answer, filed an amended complaint that re-added the Hill defendants, specifically citing Tennessee Code Annotated section 20-1-119.  *Id.*  The question before the *Scales* Court mirrored the question in the present case: whether the plaintiff properly added the Hill defendants back into the case after the amended answer asserted comparative fault.  *Id.* at *3.

The *Scales* Court concluded that the Hill Defendants were properly added in response to Publix's amended answer, which was the second answer to raise comparative fault against the Hill Defendants but the first to do so when they were non-parties.  *Id.* at *5.  The *Scales* Court stated that

> [a] plain reading of the statute indicates that a plaintiff is permitted to assert a claim against a person not already a party to the complaint within 90 days if (1) a defendant is named in an original or amended complaint within the applicable statute of limitations, (2) that defendant alleges in an answer or amended answer that a person not a party to the suit caused or contributed to the injury at issue, and (3) the plaintiff's cause(s) of action against that person would be barred by the applicable statute of limitations were it not for the statute.

*Id.* at *4.

Referencing prior precedent from the Tennessee Supreme Court, the *Scales* Court also made clear that the Hill Defendants previously having been parties did not affect the plaintiff's ability to bring them back into the case.  *Id.* (citing *Mann v. Alpha Tau Omega Fraternity*, 380 S.W.3d 42, 52 (Tenn. 2012)) ("We hold that 'a person not a party to the suit,' for purposes of Tennessee Code Annotated section 20-1-119, includes any defendant previously dismissed . . . .").  Although the Hill defendants made similar arguments as the City here, this court rejected the contentions and plainly stated the following: "The first

---

[2] Judge's Question:  Counsel is there any daylight between this case and the *Scales H.G. Hill Realty* case?  Or does *Scales* have to be wrong for your client to prevail here?

Counsel for the City:  *Scales* would have to be wrong, and the City respectively submits that *Scales* was wrongly decided.

time Publix identified the Hill Defendants as tortfeasors when they were not parties to the suit and when the statute of limitations against them had run was when Publix filed its answer to Ms. Scales's amended complaint." *Id.* at *5. Only upon the filing of the amended answer were all three requirements of the statute met. Publix was a named party, it alleged in an amended answer that a person not a party to the suit, the Hill defendants, contributed to the injury, and the plaintiff's cause of action against the Hill defendants would be barred by the statute of limitations but for Tennessee Code Annotated section 20-1-119. *Id.* Therefore, the *Scales* Court concluded that the plaintiff could utilize the route afforded by Tennessee Code Annotated section 20-1-119 to add the Hill defendants back into the case. *Id.*

This case largely mirrors the facts of *Scales*. Ms. Sands filed suit against multiple defendants. When the Williards filed their first answer that allegedly asserted comparative fault against the City, the City was a party to the suit. Then, after the City was voluntarily dismissed, the Williards filed an amended answer asserting comparative fault against the city, leading Ms. Sands to utilize Tennessee Code Annotated section 20-1-119 to bring the City back into the lawsuit without running afoul of the otherwise applicable statute of limitations. If we apply *Scales* to this case, the outcome is clear. Only upon the filing of the Williards' amended answer were the three requirements of the statute met, as laid out by the *Scales* Court. *See id.* at *4. Upon the filing of the amended answer, the Williards were the defendants named in the complaint, satisfying the first requirement. In the amended answer, the Williards alleged that the City, then not a party to the suit, caused or contributed to the injury at issue, satisfying the second requirement. And finally, without Tennessee Code Annotated section 20-1-119, the statute of limitations would bar Ms. Sands's ability to bring the City back into the suit. *See* Tenn. Code Ann. § 29-20-305(b).

The City, however, argues that this court should not follow *Scales*, as it believes the opinion directly contradicts a published opinion of this court in the *Townes* case and unpublished opinion of this court in *Queen's Tree Surgery* case. In the second of the three cases at the center of this appeal, *Townes*, the plaintiffs brought a products liability action in response to sustaining injuries as a result of a propane grill explosion. *Townes*, 50 S.W.3d at 449. The plaintiffs filed suit against multiple defendants including, among others, the manufacturer of the grill and the manufacturer of the propane tank. *Id.* During the course of litigation, the plaintiffs nonsuited the grill manufacturer apparently under a mistaken understanding that they were not involved in any way with the manufacture of the propane tank only to later learn that propane tank manufacturer ordinarily included certain safety features with its tanks that were not included with the tanks for this grill manufacturer at the grill manufacturer's request. *Id.* In response to learning this information, the plaintiffs filed a second amended complaint seeking to add new claims against the grill manufacturer, whom the plaintiffs had previously voluntarily dismissed. *Id.* The trial court granted permission to file this second amended complaint. *Id.* The grill manufacturer, subsequently, moved for summary judgment based upon the contention that the new claims were barred by the statute of limitations. *Id.* at 450. While this motion for

summary judgment was pending, the propane tank manufacturer filed an amended answer raising comparative fault as a defense against the grill manufacturer. *Id.* The plaintiffs defended the permissibility of their action under Tennessee Code Annotated § 20-1-119. *Id.* The trial court rejected their contention and concluded the claims against the grill manufacturer were time-barred and dismissed the grill manufacturer from the case. *Id.* The plaintiffs then promptly filed a third amended complaint reasserting the claims against the grill manufacturer and arguing that their action against the grill manufacturer was now permissible pursuant to Tennessee Code Annotated § 20-1-119. *Id.*

This court concluded in *Townes* that the trial court had properly determined that the plaintiffs could not use Tennessee Code Annotated section 20-1-119 as a basis for defending against the statute of limitations bar with regard to their second amended complaint because the grill manufacturer was still a party at the time with the trial court having permitted the second amended complaint. *Id.* at 454. However, this court concluded that the trial court erred in not allowing plaintiffs to re-add the grill manufacturer as a defendant with their third amended complaint because at time of their third amended complaint the grill manufacturer was no longer a party and the third amended complaint was filed within 90 days of the propane manufacturer's amended answer raising comparative fault against the grill manufacturer. *Id.*

*Townes* dealt with the question of whether a dismissed party fell under the purview of Tennessee Code Annotated section 20-1-119 when they were known to the plaintiff before being named as a potential tortfeasor by a current defendant. *Id.* at 451. The *Townes* Court held that the plaintiff's knowledge of the existence of other potential defendants was irrelevant to the application of Tennessee Code Annotated section 20-1-119. *Id.*

The City cites the *Townes* case primarily for the proposition that

an added defendant's status as a party should be determined, not when the original defendant names the added defendant as an additional comparative tortfeasor in its answer or amended answer, but rather when the plaintiff either seeks to amend its complaint to name the additional comparative tortfeasor as an additional defendant or to file a separate complaint against the additional comparative tortfeasor.

*Id.* at 454. The City argues that this holding contradicts *Scales*, and, accordingly, also the trial court's decision in the present case.

*Townes*, however, actually supports both *Scales* and the trial court's decision in the present case. The determination of the City's status as a non-party is measured under *Townes* by considering the point when Ms. Sands sought to amend her complaint, which was the filing of her amended complaint. At that point, the City had been dismissed and qualified as a non-party, and this was within 90 days of the Williards asserting comparative

- 7 -

fault against a non-party tortfeasor in their amended answer. Additionally, the *Townes* Court concluded that the plaintiff's prior awareness of the defendant's potentially being another tortfeasor, such as Ms. Sands possessed in the present case, was irrelevant to the application of Tennessee Code Annotated section 20-1-119. *See id.* at 453("In light of the plain language of Tenn. Code Ann. § 20-1-119, we conclude that a plaintiff's knowledge of the existence of other persons who might be liable for the plaintiff's injuries is irrelevant.").

The third case at the center of this dispute, *Queen's Tree Surgery*, is quite similar to *Townes*, involving the same issue regarding whether a party known to the plaintiff, particularly one named in the original complaint, could qualify as a "person not a party to the suit" under Tennessee Code Annotated section 20-1-119. *Queen's Tree Surgery, Inc.*, 2003 WL 22768689, at *1. The court applied *Townes* in holding that a party could dismiss a defendant and then, the very same day, file an amended complaint to re-add that party. *Id.* at *2. The defendant argued that it was "a perversion of the statute to permit a plaintiff to non-suit a defendant for the singular purpose of refiling under the statute." *Id.* However, the *Queen's Tree Surgery* Court concluded that the plaintiff "merely availed itself of all possible remedies available within the law through skillful and diligent representation." *Id.* Like *Townes*, the court was not faced with the question of which answer was the triggering event for purposes of Tennessee Code Annotated section 20-1-119. Like *Townes*, the *Queen's Tree Surgery* decision actually supports the trial court's conclusion in the present case. The *Queen's Tree Surgery* decision makes clear there is no prohibition upon using voluntary dismissal as part of employing the statutory tool made available to plaintiffs through Tennessee Code Annotated section 20-1-119. *Id.* at *2.

While the City perceives a conflict between the *Scales* decision and the *Townes* and *Queen's Tree Surgery* decisions, we perceive these decisions as existing quite harmoniously. It is not apparent to this court how the *Townes* and *Queen's Tree Surgery* decisions bolster the City's contention that the initial answer filed by the Williards creates the critical filing in this case for triggering the start of the 90-day clock for adding the City as a party under Tennessee Code Annotated section 20-1-119. The City concedes that it was a party at the time of the filing of the Williards' initial answer in the case. And, there is no holding in either *Townes* or *Queen's Tree Surgery* that reflects the Williards' original answer starting the running of the 90-day clock under Tennessee Code Annotated section 20-1-119.

IV.

The City also contends that the *Scales* decision and the trial court's ruling in the present case are contrary to the plain language of Tennessee Code Annotated section 20-1-119(a)(1). The statute provides:

(a)(1) In civil actions where comparative fault is or becomes an issue, if a

- 8 -

defendant named in an original complaint initiating a suit filed within the applicable statute of limitations, or named in an amended complaint filed within the applicable statute of limitations, alleges in an answer or amended answer to the original or amended complaint that a person not a party to the suit caused or contributed to the injury or damage for which the plaintiff seeks recovery, and if the plaintiff's cause or causes of action against that person would be barred by any applicable statute of limitations but for the operation of this section, the plaintiff may, within ninety (90) days of the filing of the first answer or first amended answer alleging that person's fault, either:

> (A) Amend the complaint to add the person as a defendant pursuant to Tenn. R. Civ. P. 15 and cause process to be issued for that person; or

> (B) Institute a separate action against that person by filing a summons and complaint. If the plaintiff elects to proceed under this section by filing a separate action, the complaint so filed shall not be considered an original complaint initiating the suit or an amended complaint for purposes of this subsection (a).

We agree with the *Scales* Court's understanding of the statute and disagree with the City's reading. The trial court's ruling in the present case tracks the plain language of Tennessee Code Annotated section 20-1-119(a)(1). The City places its emphasis on the initial answer from the Williards having been their first assertion of comparative fault against the City. Ms. Sands disputes that the Williards' first answer was sufficient to constitute an assertion of comparative fault against the City, but we assume for purposes of argument that it was. Even with this assumption, the City's argument is still unavailing under the plain language of Tennessee Code Annotated section 20-1-119(a)(1).

The statutory text provides that "the plaintiff may, within ninety (90) days of the filing of the first answer or first amended answer alleging that person's fault . . . [a]mend the complaint to add the person as a defendant . . . [or] [i]nstitute a separate action against that person by filing a summons and complaint."[3] Tenn. Code Ann. § 29-20-119. The statutory reference to "that person" refers the person identified earlier in the same statutory sentence as "a person not a party to the suit" and as to whom the defendant is alleging that the person "caused or contributed to the injury or damage for which the plaintiff seeks recovery." *Id.* The two options afforded to a plaintiff under Tennessee Code Annotated section 20-1-119(a)(1)(A) & (B) also make plain that "the person" or "that person" is an

---

[3] The statute makes clear that "[i[f the plaintiff elects to proceed under this section by filing a separate action, the complaint so filed shall not be considered an original complaint initiating the suit or an amended complaint for purposes of this subsection (a)." Tenn. Code Ann. § 29-20-119(a)(1)(B).

individual who is a non-party to the suit. The options are, otherwise, non-sensical. The City's reading of the statutory provision would require us to ignore the plain text of the statute that the person being referenced is "not a party to the suit."

Simply stated, the trial court properly applied the statute. The Williards' original answer did not, as asserted by the City, trigger Ms. Sands's 90-day window. At the time of the filing of the original answer, the City was still, as it concedes, a party. As was her right under Tennessee Code Annotated section 20-1-119(a)(1), Ms. Sands properly filed within 90 days of the first amended answer in which comparative fault was asserted against the City as a non-party.

IV.

For these reasons, we affirm the judgment of the Circuit Court for Shelby County. Costs of this appeal are taxed to the appellant, City of Germantown, Tennessee, for which execution may issue if necessary. The case is remanded for further proceedings consistent with this opinion.

s/ Jeffrey Usman
JEFFREY USMAN, JUDGE